## Girts *versus* The Commonwealth.

22     351
26 SC ⁵  9

1. The admission of evidence on an indictment in the Quarter Sessions, is not the subject of revision in this Court.

2. It was not assignable for error that one of the associate judges, who was the prosecutor in an indictment, sat upon the bench during the trial of the case, the names of the judges not being stated *on the record*, and it not there appearing that the prosecutor was one of them. Such fact, stated in the opinion of the judge in overruling a motion for a new trial, was not properly before this Court.

3. A verdict recorded of guilty *of the four last counts in the indictment*, is in substance a finding upon all of the counts, and is in effect a finding of guilty upon the four last counts, and of not guilty as to the others.

4. A paper returned by the jurors stating their verdict, though filed, is no part of the record, and cannot be used to contradict the record.

5. The verdict entered was "guilty *of* the four last counts in the indictment." After the discharge of the jury, but during the same week of the term, the record was amended so as to read, " guilty *upon* the four last counts in the indictment." *Held*, that the amendment was merely *formal*.

ERROR to the Court of Quarter Sessions of *Elk county*.

This was the case of a conviction of J. Girts, on an indictment against him, at October Sessions, 1852, for passing counterfeit money. On the docket was stated " George Dickinson, Prosecutor."

The indictment contained *eight* counts.

October 5, 1852, the grand jury found a true bill. On 31st May, 1853, the defendant pleaded not guilty. On 1st June, 1853, the jury returned a verdict as follows: " We find the defendant guilty of the four last allegations of the indictment." The verdict was entered as finding the defendant guilty *of the four last counts in the indictment.*

On the same day a motion was made for a new trial; and on 2d June, one was made in arrest of judgment, on the alleged ground that the jury found the defendant guilty of the four *last* counts of the indictment, without any finding as to the *first* four counts. On 3d June both motions were overruled, and on the same day the Court directed the verdict to be so amended as to read, " We find the defendant guilty upon the four last *counts* in the indictment." On the same day the defendant was sentenced.

It was said in the paper-book, on part of the plaintiff in error, that this amendment was made after the jury were discharged, and one day after the whole panel had been discharged.

In the opinion of the Court overruling the motion for a new trial, it was stated that "Judge Dickinson, who is an associate judge of this Court, was marked as prosecutor on the bill of indictment, and was sworn and examined as a witness on the trial," and proved the uttering to him of the bill which is set out in the several counts in the indictment. That " he sat on the bench during the

trial of the cause, but did not advise with the other members of the Court, or take any part in the trial in his official capacity."

See the opinion of KNOX, J., as to the first five assignments. The *sixth* was, The Court erred in pronouncing judgment on the verdict as amended, because, even if the Court possessed the power to amend, the verdict as amended is substantially defective in this, that it does not find the defendant guilty upon the *last* four counts in the indictment, *in manner and form as he stands indicted*, nor does it make any disposition of the *first* four counts.

*Lucas*, for the plaintiff in error.—It was, *inter alia*, contended, that the term "allegations" should not be construed to mean *counts.* · It was said that the last count of the indictment contained ten distinct allegations. But if it were so construed, the finding was defective, as the defendant was not found guilty in manner and form, &c.; and that there was no finding as to the *first* four counts.· Further, that the verdict was not amendable after the jury was discharged.

*Johnson*, contra.

The opinion of the Court was delivered by

KNOX, J.—The plaintiff in error was indicted, tried, convicted, and sentenced in the Court of Quarter Sessions of Elk county for passing counterfeit money. The record is brought into this Court for review, and six errors are assigned to the proceedings below.

The first relates to the reception of evidence, and is not examinable here.

It is alleged that Judge Dickinson, one of the associate judges of Elk county, was the prosecutor, and occupied his seat upon the bench during the trial. This is the second error assigned.

It does not appear by the record that the prosecutor was one of the judges before whom the case was tried. The names of the judges are not given. What is said upon this subject by the President of the Sessions, in refusing the motion for a new trial, is not properly before us, and cannot be noticed. We examine the record only, and it does not sustain the assignment.

A motion was made in arrest of judgment, founded upon the following reason, which was filed.

· The jury found the defendant guilty of the four last counts of the indictment, without any finding as to the first four counts.

This motion was overruled, and properly so. The finding is in substance, though not in form, upon all the counts, and is in effect a verdict of not guilty as to those not mentioned. This disposes of the 3d and 6th assignments of error.

[Girts *v.* The Commonwealth.]

The 4th and 5th relate to the verdict and its amendment by the Court.

There is a paper filed in the case, purporting to be signed by the jurors, which reads: "We find the defendant guilty of the four last allegations in the indictment."

This paper is no part of the record, and cannot be used for the purpose of contradicting the docket entry. Jurors often, in returning written verdicts, use inappropriate words to express their finding. This is corrected by the Court before the verdict is entered of record, after which it is read to the jury as entered, and the entry thus made cannot be controverted by the original paper returned and filed.

The *docket entry* in the case under consideration is as follows:

"May 31, 1853, jury called and sworn, viz., &c., &c., &c., twelve good and lawful men of Elk county, who find the defendant guilty of the four last counts in the indictment.

"And now, June 3, 1853, the Court direct the alteration of the entry of the verdict of the jury, so that it will read upon the four last counts in the indictment."

It will be seen that the only amendment made by the Court in the verdict after it was originally entered, was to substitute the word "upon," for "of." This was mere matter of form, and entirely unnecessary, as the sentence might well have been pronounced upon the verdict as first entered. Guilty "of the four last counts in the indictment," means guilty of the offence therein. charged. Upon the whole case, we see nothing that calls for our interference.

Judgment affirmed.