## Commonwealth *v.* Evans.

*Criminal law—Fornication and bastardy—Single conviction.*

The conviction of a man of fornication prevents a subsequent prosecution for bastardy growing out of the same illicit act of carnal intercourse.

Argued Oct. 5, 1910. Appeal, No. 112, Oct. T., 1910, by defendant, from judgment of Q. S. Lancaster Co., Sept. T., 1909, No. 56, on verdict of guilty in case of Commonwealth v. Evans. Before Rice, P. J., Henderson, Morrison, Orlady, Head, Beaver and Porter, JJ. Reversed.

Indictment for bastardy. Before Landis, P. J.
The opinion of the Superior Court states the case.
Verdict of guilty, upon which judgment of sentence was passed.

*Error assigned* was in refusing binding instructions in favor of the defendant.

*B. F. Davis*, for appellant.

There was no appearance or paper-book filed for appellee.

Opinion by Henderson, J., March 3, 1911:
The appellant was indicted for rape in the court of oyer and terminer of Lancaster county at No. 34, January

Term, 1909. The indictment contained a single count. At the trial of the case the evidence was not deemed sufficient by the court to justify a conviction of the defendant of the felony but the jury was instructed that he might be convicted of fornication and bastardy if they believed the evidence of the commonwealth, and the defendant was so convicted. On a rule for a new trial and in arrest of judgment the court set aside as much of the verdict as convicted the defendant of bastardy and sentenced him for fornication. At the September sessions, 1909, of the court of quarter sessions of that county the appellant was indicted for fornication and bastardy arising out of the same single act of carnal intercourse on which the prosecution for rape was based. An amendment of the indictment was subsequently made striking out the charge of fornication. To this indictment the defendant pleaded "not guilty," "autrefois convict" and "autrefois acquit" which latter plea was overruled by the court. The jury returned a verdict of guilty of bastardy on which verdict the judgment was entered from which the pending appeal was taken. It is now contended that the defendant was not liable to be tried on a separate indictment for bastardy after a conviction and sentence for fornication at a preceding term of the court of oyer and terminer and that the court erred in proceeding to trial and in pronouncing judgment on the verdict on the general issue without first having submitted to the jury the issue raised by the plea of a former conviction. The regularity of the conviction and sentence on the indictment in the court of oyer and terminer is not questioned and the subject for consideration now is whether the offense of fornication and bastardy may be divided and prosecuted under separate indictments where the foundation for the prosecutions arises in a single act of illicit carnal intercourse. It has been repeatedly held in this state that in cases involving illicit carnal connection the essential fact which constitutes the crime is fornication. Where the act is unaccompanied by aggravating circumstances it is fornication simply.

When the birth of an illicit child is a consequence it is fornication and bastardy. Where it is committed with a woman of good repute under twenty-one years of age under promise of marriage it is seduction. When committed by a married man or woman it is adultery. But as was said in Dinkey v. Com., 17 Pa. 126, "the body of all these offenses is the illicit connection." In like manner in Gorman v. Com., 124 Pa. 536, the court said, "Whether the charge be fornication and bastardy, adultery or seduction the essential fact which constitutes the crime is fornication; these several offenses exist by reason of the several peculiar aggravations which in each case accompany the perpetration of the crime." In Com. v. Lewis, 140 Pa. 561, the indictment against the defendant contained three counts. The first charged assault and battery; the second assault and battery with intent to ravish and the third that the defendant "feloniously, unlawfully and carnally did know and abuse and a male bastard child on the body of one Lizzie Kimmel did beget, said Lizzie Kimmel then and there being a woman child under the age of sixteen years." The jury acquitted the defendant of the offenses charged in the several counts but convicted him of fornication and bastardy. The case came up on the point that a verdict of bastardy could not be found under the indictment, and in considering that question it was said in the opinion of the Supreme Court that there was no error in charging bastardy in the same count with rape; that fornication and bastardy are almost invariably charged in the same count and that adultery and bastardy may be. "In either case the bastardy is but an aggravation of the offense charged. Why may not a count for rape include a charge of bastardy? Both adultery and rape include the offense of fornication; it is necessarily involved in them; bastardy is not necessarily involved, but it may be. Here, the offense was rape; it involved fornication, and bastardy resulted as an incident. There was but the one act charged in the indictment although it is called by different names

to meet the exigencies of the proofs on the part of the commonwealth." So, too, in Com. v. Ruffner, 28 Pa. 259, Chief Justice LEWIS thus expressed the same view: "It is unnecessary to cite authority to show that in an indictment for fornication and bastardy, fornication is regarded as the offense charged. The bastardy is only one of its usual consequences." It was accordingly held that where the offense of fornication was committed more than two years before the commencement of the prosecution it was barred by the statute of limitations although the birth of the illegitimate child took place within two years from the date of the prosecution. The case of Com. v. Lloyd, 141 Pa. 28, is perhaps more directly to the point and controls the question in our view of the case. There the defendant was charged with having had illicit intercourse with the prosecuting witness in Luzerne county. The woman subsequently went to Lackawanna county where a child which was the issue of the intercourse in Luzerne county was born. A prosecution was instituted against the defendant for fornication and bastardy in the latter county, the result of which was that he was convicted of fornication. Subsequently he was indicted for bastardy in Lackawanna county where the child was born; whereupon, he filed a plea to the last indictment setting up the fact of the former conviction and sentence for fornication in Luzerne county, on which plea issue was joined and the case submitted to the court on the pleadings. After argument judgment was entered for the defendant and the commonwealth appealed. It was conceded that under the act of 1860 the defendant could not have been convicted of bastardy in Luzerne county, for that act prescribes that the prosecution of the reputed father shall be in the county where the child is born. It was contended, therefore, that because the charge of bastardy could only be prosecuted in Lackawanna county the proceeding in Luzerne county was not a bar. But the court held on the appeal that the defendant having been convicted of one of the offenses charged, to wit,

fornication, could not afterward be held in Lackawanna county on an indictment .for bastardy. In the course of the discussion the court said: "While it is true that this offense may be so far separated as to charge fornication in one count of the indictment and bastardy in another yet bastardy is but an incident of the fornication, the result of a single act. Hence, we do not think the commonwealth can prosecute for the one offense in one county and for the other in a different county. In other words, there may be two counts but not two prosecutions." And this reasoning applies equally well to prosecutions in the same county. The charge of bastardy necessarily involves the act of fornication, and where the defendant has been convicted of the latter crime under one indictment it would be unjust to permit a second prosecution involving the same act under a different name because of the aggravated consequences attending it. The commonwealth put the defendant on trial on an indictment involving the charge of fornication. It might also have been made to cover the consequent bastardy. Having elected to proceed in the manner adopted we regard it as contrary to precedent and prejudicial to the rights of the defendant to subject him to the second trial on a charge which is incidental to that for which he was formerly convicted. We are confirmed in this view by a consideration of the provisions of sec. 37 of the Act of March 31, 1860, P. L. 382, prescribing the penalty for fornication. Under the provisions of that section a part of the penalty on a conviction of fornication where a bastard child has been born as the result of such act is that the defendant pay in addition to the fine imposed the expenses incurred at the birth of such child and that he give security in such sum as the court shall direct to perform such order for the maintenance of the child as the court shall direct. The act of fornication is here regarded as the misdemeanor and the bastardy as an incident of the act. We are led to the conclusion that the conviction of the defendant of fornication prevents a subsequent prosecution for bastardy

growing out of the same act of illicit carnal intercourse and, therefore, feel constrained to reverse the judgment of the court of quarter sessions. As this conclusion disposes of the whole case it is unnecessary to consider the objection that the plea of the former conviction was not submitted to the jury by the learned trial judge.

The judgment is reversed and the defendant discharged.