# Commonwealth *v.* Reeder, Appellant.

*Criminal law—Larceny—Receiving stolen goods—Indictment—Verdict.*

Where an indictment contains two counts, one charging larceny of a dog, the other charging the receiving of stolen goods, knowing that they were stolen, and the jury returns a verdict of "guilty of receiving stolen goods," a judgment upon the verdict will be sustained, although the jury did not find in express terms that the prisoner received the goods knowing them to have been stolen.

Submitted Nov. 17, 1910.   Appeal, No. 222, Oct. T., 1910, by defendant, from judgment of Q. S. Chester Co., Aug. T., 1910, on verdict of guilty in case of Commonwealth v. Harry Reeder.   Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Indictment for larceny and for receiving stolen goods.

From the record it appeared that the first count of the indictment charged the larceny of one hunting dog.   The second count of the indictment was as follows:

And the inquest aforesaid, upon their oaths and affirmations aforesaid, do further present that the said Harry Reeder, afterwards, to wit: On the day and year aforesaid at the county aforesaid, and within the jurisdiction of this court, with force and arms, etc., the goods and chattels aforesaid, by some ill-disposed person (to the jurors aforesaid yet unknown), then lately before feloniously stolen, taken and carried away feloniously, did receive and have (the said Harry Reeder then and there well knowing the goods and chattels, moneys, and property last mentioned, to have been feloniously stolen, taken and carried away), *contrary to the form of the act of general assembly in such* case made and provided, and against the peace and dignity of the commonwealth of Pennsylvania.

The jury found the following verdict: "Guilty of receiving stolen goods."

The defendant filed a motion in arrest of judgment for the following reasons:

1. The verdict of the jury which was, "Guilty of receiving stolen goods," was neither a conviction of larceny or of receiving goods knowing them to have been stolen or feloniously taken.

2. The verdict as rendered and recorded on the records of the court does not convict the defendant of any crime of which he was indicted in this case.

3. There was no evidence in the case to show that the defendant knew that the dog in question was stolen at the time it was purchased by the defendant.

BUTLER, J., filed the following opinion:

The bill of indictment contained two counts, one charging larceny of a dog, the other charging the receiving of stolen goods. The jury was fully informed by counsel for the defendant, as to what constituted this offense, that the stolen property must be received with knowledge that it was stolen, and was so instructed by the trial judge. There is no reason, we think, to apprehend that the jury ignored this feature of knowledge that the dog was stolen, because they found him "Guilty of receiving stolen goods." They would not have found him guilty, if they believed he received the stolen dog, innocently. They by their verdict, designated the offense, as it is commonly designated—receiving stolen goods. We think that there was evidence in the case upon which the jury could find that defendant knew, was familiar with the prosecutor's dog, and could thus conclude that he bought him with guilty knowledge. The prosecutor made a strong and convincing witness, and his testimony positive and circumstantial as to various, two at least, efforts of the defendant to buy his dog, all of which was denied as to fact, and circumstance by the defendant—was calculated to satisfy the jury that defendant knew his dog. In view of the fact, that according to the defendant, the man from whom he bought the dog not only said that he came from North-

502    COMMONWEALTH *v.* REEDER, Appellant.

Opinion of Court below—Opinion of the Court.    [45 Pa. Superior Ct.

brook, but gave defendant certain news of the place, which defendant subsequently ascertained was true, it was proper for the jury to consider, as bearing upon the question, whether he did buy the dog innocently of the stranger, the circumstances that instead of going to Northbrook and vicinity in earnest quest of the stranger, he according to his statement, made some inquiry through other people. This feature of the case was discussed by counsel for the defendant, and commonwealth, and the trial judge without expressing any opinion upon its significance, referred it to the jury for what it was worth.

The rule for new trial is dismissed.

*Error assigned* was in refusing motion in arrest of judgment.

*W. S. Harris*, for appellant, cited: Com. v. Poots, 18 Phila. 477; Com. v. Zacharias, 181 Pa. 126; Kilrow v. Com., 89 Pa. 480.

There was no appearance or printed brief filed for appellee.

Opinion by Orlady, J., March 3, 1911:

The indictment under which this defendant was convicted charged him in the first count with the larceny of one hunting dog, and the second count with receiving, etc., to which the defendant entered a general plea of not guilty.

The practice of joining the counts for larceny and receiving was in vogue long before the passage of our criminal procedure Act of March 31, 1860, P. L. 427, and all doubt that theretofore existed, was set at rest by sec. 24 of that statute which particularly authorized it to be done; and that the court of quarter sessions had jurisdiction to try this indictment is settled by the authorities referred to in Commonwealth v. Goldberg, 4 Pa. Superior Ct. 142.

The verdict received by the court and recorded was "guilty of receiving stolen goods," which was a sufficient

COMMONWEALTH v. REEDER, Appellant.    503

500, (1911).]    Opinion of the Court—Dissenting Opinion.

identification of the crime set out in the second count and is in effect a finding of guilty on the second count and of not guilty on the first count: Girts v. Commonwealth, 22 Pa. 351; Henwood v. Commonwealth, 52 Pa. 424; Solliday v. Commonwealth, 28 Pa. 13; Brown v. Commonwealth, 78 Pa. 122; Commonwealth v. Huston, filed this day. There was abundant testimony to warrant this verdict, and the case was fairly submitted in a clear and adequate charge.

The judgment is affirmed, and the record is remitted to the court of quarter sessions of Chester county, with directions that the judgment be fully carried into effect, and to that end it is ordered that the defendant forthwith appear in that court and that he be by that court committed to serve and comply with such part of his sentence as had not been performed at the time this appeal was made a supersedeas.

MORRISON, J., dissenting:

The Act of March 31, 1860, sec. 109, P. L. 410, provides, "If any person shall buy or receive any goods, chattels, moneys or securities, or any other matter or thing, the stealing of which is made larceny by any law of this commonwealth, knowing the same to be stolen or feloniously taken, such person shall be guilty of felony," etc. The very essence of this offense is "knowing the same to be stolen or feloniously taken." The defendant was indicted for larceny in the first count and for receiving goods knowing the same to have been stolen or feloniously taken in the second count. The evidence was insufficient to warrant a conviction of larceny, but there was evidence from which the jury might have convicted under the second count. The appellant has not printed the charge of the court and therefore it ought to be assumed that the learned court correctly charged the jury as to what was necessary to warrant a conviction under the second count. The record shows that the jury found the defendant "guilty of receiving stolen goods." Assuming that the court

correctly instructed the jury that the defendant could not be convicted under the second count unless they found that he received the property knowing the same to be stolen or feloniously taken, it seems clear to me that the jury was not convinced that the defendant knew the property was stolen.

If the verdict had been guilty in manner and form as charged in the second count no question could be fairly raised as to the sufficiency of the finding. But the jury did not so find. They were only willing to find that the goods had been stolen. This, I think, did not warrant the court in assuming that the jury meant to find a verdict of guilty of receiving goods knowing them to have been stolen or feloniously taken. The burden is on the commonwealth to convict a defendant beyond a reasonable doubt, and neither court nor jury is permitted to guess that a defendant is guilty of a felony.

The jury seems to have found a special verdict that the defendant was " guilty of receiving stolen goods." Suppose a case had been stated and submitted to the court averring that the defendant had received stolen goods, would it be contended by any lawyer that the court would have been justified in holding the defendant guilty of receiving the goods knowing the same to be stolen or feloniously taken? I think not and in my opinion this illustration convicts the court below of error.

Several cases have been cited in the majority opinion, but I do not see anything in these cases sustaining the court below in entering judgment against the defendant.

The defendant's counsel moved the court in arrest of judgment and this motion was refused and an exception allowed. In my opinion the judgment ought to have been arrested.

PORTER, J., concurs in dissent.