## Commonwealth v. Swanheart.

*Criminal law—Statutory rape—Rape and bastardy—Jurisdiction—County of criminal act—County of birth of bastard—Bill of Rights—Act of March 31, 1860.*

1. The 9th section of the Bill of Rights, which provides in prosecutions for crimes "a speedy trial by an impartial jury of the vicinage," does not require the trial to be held in the county where the crime was actually committed. The legislature may define what shall be the vicinage.

2. Under section 38 of the Act of March 31, 1860, P. L. 382, 393, where a statutory rape is committed in one county and the birth takes place in another, but a few miles from the place of intercourse, a prosecution for rape and bastardy may be instituted in the county where the birth took place. The prosecution in such case is for the entire criminal act.

3. The fact that the act was committed on a girl under sixteen years of age and that this was not designated as rape until after the passage of the Act of March 31, 1860, P. L. 382, is immaterial.

Motion in arrest of judgment. Q. S. Clearfield Co., Sept. Sess., 1922, No. 97½.

*W. Wallace Smith* and *John J. Pentz,* for motion.

*John C. Arnold,* District Attorney, contra.

BELL, P. J., Nov. 8, 1922.—It has been proven and established that the defendant, a male over the age of sixteen years, did, within the County of Cambria, carnally know the prosecutrix, a female child under the age of sixteen years, and did there beget a bastard child, which was born within the County of Clearfield. A prosecution for statutory rape and bastardy was brought in the latter county and the defendant was convicted. Motions in arrest of judgment and for a new trial were presented and have been argued, it being strongly urged that this conviction cannot be sustained. The basis of this claim is the 9th section of the Declaration of Rights in the Constitution: "In all criminal prosecutions the accused hath a right . . . to have . . . a speedy public trial by an impartial jury of the vicinage." It is settled by the Supreme Court in Com. *v.* Collins, 268 Pa. 295, that this does not require the trial in the county where the crime was actually committed, and that the legislature could define what should be the vicinage is also settled by this decision; at least it is true for the purposes of a case such as this, where the birth takes place but a few miles from the place of intercourse and in an adjoining county, so that no hardship or unfairness to the defendant arises from the prosecution.

The defendant contends that, though this may be true, the legislature has never taken any action on the subject, and, therefore, this court is without jurisdiction. We do not find any legislative declaration that prosecutions generally shall be brought in the county where the criminal act was com-

VOL. 3—6

mitted, and such legislation as exists was passed to meet cases where the offence was not complete in any one county. This arose from the fact that by the common law all offences were inquired into and tried in the county where they were committed, and no legislation was required when the offence was complete in that county. Where a blow was struck in one county and death resulted in another, the Statute 2nd and 3rd Edward VI, chapter 24, enacted that the trial should be in the county where the death occurred, and the language of section 38 of the Penal Code of Pennsylvania, relating to bastardy, is in keeping with this plan: "If a bastard child is . . . begotten within one of the counties of this State and born in another, . . . the prosecution of the reputed father shall be in the county where the bastard child shall be born, and the like sentence shall be passed as if the bastard child has been or shall have been begotten within the same county." Prosecution for what? Certainly not merely the bastardy, for the direction as to sentence refutes it, and the contrary was decided in Heikes v. Com., 26 Pa. 513; nor does the act say that the charge triable shall be fornication and bastardy. Had such been the intention, it would have been plainly stated. Were the defendant a married man, we see no reason why he could not have been convicted of adultery and bastardy in the county where the birth occurred. The interpretation of the section most consonant with the other penal legislation of the State, and with the interest of justice and the most natural meaning of the words used, is prosecution for the entire criminal act.

This act was carnal knowledge of the prosecutrix, who was at the time under sixteen years of age, and which resulted in begetting a bastard child. The law names this offence rape and bastardy. The Act of 1860 applies, and provides that the prosecution and sentence shall be in the county where the child is born.

The defendant insists that, as the facts are such as not to amount to rape as the law stood when the Penal Code was enacted, the 37th section cannot grant jurisdiction to this court, relying on expressions used in Com. v. Exler, 243 Pa. 155. This is not without force, but we must keep in mind that intercourse with a child of tender years, under ten years, was rape long before the Act of 1860, and that what has since been done by the legislature was to extend the age limit, though it is necessary to notice that pregnancy was not to be expected as to girls under the age of ten.

That fornication and bastardy is a single act, and its result as to which there can be but one prosecution, is established by Com. v. Lloyd, 141 Pa. 28. A defendant cannot be tried upon two indictments, one charging rape and one fornication and bastardy, for the same act of intercourse; trial upon one bars a trial on the other: Com. v. Arner, 149 Pa. 35. The unity of the offence, the basic act being fornication and the other offences being only peculiar aggravations, is stated in Dinkey v. Com., 17 Pa. 126; Gorman v. Com., 124 Pa. 536; Com. v. Lewis, 140 Pa. 561; Com. v. Evans, 45 Pa. Superior Ct. 174.

The whole line of authority is that to hold the defendant for the support of his child by a conviction which shall include bastardy, the prosecution must be in Clearfield County. This being so, this court has jurisdiction of the complete offence, and we see no reason for holding that the arm of the law is suspended and that the defendant may not be punished for a crime of which the jury has found him guilty.

Now, Nov. 8, 1922, rules for arrest of judgment and for a new trial are discharged.

From John M. Urey, Clearfield, Pa.

NOTE.—See Com. v. Jefferson, 2 D. & C. 211; Heikes v. Com., 26 Pa. 513.