## Commonwealth *v.* Gittleson, Appellant.

*Criminal law—Larceny—Receiving stolen goods—Case for jury—Charge of Court.*

In the trial of an indictment for larceny and for receiving stolen goods, it appeared that two women entered defendant's place of business for the purpose of leasing a house and that a pocketbook belonging to one of them disappeared shortly after she had laid it on the counter. It also appeared that defendant was the only other person in the room at the time and that during an altercation with him over the disappearance of the pocketbook, his wife appeared and said "I have your pocketbook, get it if you can," and thereupon produced the pocketbook.

Under such circumstances the case was for the jury and a verdict of guilty will be sustained.

It having appeared that a receipt given by defendant for a deposit on a lease had been placed in the missing pocketbook, and that the defendant requested a receipt for the return of the deposit, which he immediately destroyed, it was not error for the court to charge that it was for the jury to consider why a man should take a receipt and tear it up immediately.

When a defendant has been found guilty on both counts of an indictment charging larceny and receiving stolen goods, but sen-

tenced upon the count of larceny alone, no harm has been done by an inadequate instruction as to the other offense.

Argued March 10, 1926.  Appeal No. 48, October T., 1926, by defendant, from judgment of Q. S. Philadelphia County, September T., 1925, No. 195, in the case of Commonwealth of Pennsylvania v. Louis Gittleson. Before Porter, P. J., Henderson, Trexler, Keller, Linn, Gawthrop, and Cunningham, JJ. Affirmed.

Indictment for larceny and for receiving stolen goods. Before Reed, P. J. O. C. 47th Judicial District, Specially Presiding.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on both counts.  Sentence was passed on count of larceny.  Defendant appealed.

*Error assigned,* among others, was the charge of the Court.

*Henry E. Skaroff,* and with him *Matthew Kramer,* for appellant.

*Stuart L. Kirk,* Assistant District Attorney, and with him *Michael A. Foley,* Assistant District Attorney, and *Charles Edwin Fox,* District Attorney, for appellee.

Opinion by Trexler, J., April 19, 1926:

Two witnesses for the Commonwealth, Julia Shivers and Lucy Carpenter, testified that they called at the defendant's place of business for the purpose of leasing a house.  They did not wish to close the bargain, as they intended to confer with their husbands. They were informed that they would have to deposit $10.   Julia Shivers gave $10 to the defendant, who gave her a receipt for it which was placed in her pocketbook.  They, then, ordered some soda water

from the defendant, and having paid for it, Mrs. Shivers laid her pocketbook on the counter. They were going toward the door, when she thought of her pocketbook, turned around, and it was gone. Gittleson was the only other person in the room at the time. They accused Gittleson of having the pocketbook, but he denied knowing anything about it. During the altercation, his wife appeared and said, "I have your pocketbook, get it if you can," and thereupon, she showed the identical pocketbook which had been placed on the counter. The women then demanded the ten ($10) dollars which they had deposited, but Gittleson refused to give it to them without the receipt. He finally gave them back the $10 and took a receipt for it which he immediately tore up.

It is claimed that the defendant was convicted upon circumstantial evidence and that that evidence did not justify the finding of the jury that the defendant was guilty of the crime charged. The argument on both sides is largely devoted to the duty of the court, in cases where a conviction is had upon circumstantial evidence. We do not think it necessary to go into that subject at any length. The pocketbook was put down upon the counter and was missing. The defendant was the only person in the room besides the two witnesses for the Commonwealth. If they are to be believed, then the defendant took it. His wife brought the identical pocketbook into the room and declared her intention to keep it. Now, this story, in cold print, may seem improbable, but it did not appear so to the court, nor to the jury who had the opportunity to hear and see the witnesses. Both of the witnesses testified to seeing the pocketbook in the hands of the defendant's wife. This is not circumstantial evidence. It is a positive proof of the possession of the stolen article. We think the case was properly submitted to the jury.

The court, in its charge, stated "This receipt was given to the defendant, Louis, and he says, and one of his witnesses says, that he tore that receipt up immediately. Just why it was torn up is an enigma to the Court. It is for you to consider why a man should take a receipt and tear it up immediately. That is an element in the case." We see no error in this. It was a peculiar circumstance, which certainly, unexplained, tended to bear out the argument which was advanced by the district attorney, that the defendant had guilty knowledge of the whereabouts of the first receipt which he had given for the money, which had been advanced for the rent, and therefore, did not need the protection of the receipt given by the women, and tore it up. In any event, the above references to it by the court in this charge, would not be sufficient to warrant a reversal.

The defendants were charged with larceny and receiving. It is alleged that the instructions given by the court as to receiving were inadequate. As the court expressly stated, that he sentenced the defendant upon the count charging larceny, no harm has been done to the defendant, see Commonwealth v. Reeder, 45 Pa. Superior Ct. 500.

The assignments of error are overruled. The judgment is affirmed and the record remitted to the court below and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.