## Commonwealth *v.* Mc. Evans, Appellant.

*Criminal law—Autrefois acquit—Rape and bastardy—Support of bastard child—Act of July 11, 1917, P. L. 773.*

In the trial of an indictment under the Act of July 11, 1917, P. L. 773 for refusal to support a bastard child, the defendant entered a plea of autrefois acquit. The record disclosed that defendant had previously been indicted for rape and bastardy and that the verdict of the jury was "We find the defendant guilty of rape." It was conceded that defendant was the same person and that both prosecutions were based upon a single act of unlawful, carnal intercourse. Under such circumstances, it was error for the court to direct a verdict in favor of the Commonwealth upon the issue raised by the plea of autrefois acquit.

Under the issue first tried the question whether the defendant was the father of the child was directly involved and the jury's refusal to find him guilty of bastardy was equivalent to an acquittal of that offense.

The evidence necessary to support the second indictment would have been sufficient to secure a conviction upon the first and the failure of the Commonwealth to secure a conviction upon the first indictment and thus establish the fact that the defendant was the father of the child, operated as a complete bar to any subsequent

prosecution upon the same fact. There may be two counts in an indictment but there cannot be two prosecutions.

The verdict of a jury, upon a valid indictment, in a court of competent jurisdiction, acquitting the defendant of the fact is an absolute bar to any subsequent prosecution for the same offense. When a fact has once been determined in the course of a judicial proceeding and a final judgment rendered in accordance therewith, it cannot, so long as it remains unreversed, be again litigated between the same parties. The estoppel is not confined to the judgment, but extends to all the facts involved in it as necessary steps, or the groundwork upon which it must have been founded.

Argued November 18, 1927. Appeal No. 353, October T., 1927, by defendant from judgment of Q. S. Bedford County, September Sessions, 1927, No. 28, in the case of Commonwealth of Pennsylvania v. Wilson Mc. Evans. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Reversed.

Indictment for refusal to support a bastard child. Before BAILEY, P. J.

The facts are stated in the opinion of the Superior Court.

Defendant entered a plea of autrefois acquit upon which the Court directed a verdict in favor of the Commonwealth.

Verdict of guilty upon which judgment of sentence was passed. Defendant appealed.

*Errors assigned* were the directed verdict for the Commonwealth on the plea of autrefois acquit and refusal of new trial.

*Alvin L. Little,* for appellant.

*Simon H. Sell,* and with him *Emory D. Clarr,* District Attorney, for appellee.

OPINION BY PORTER, P. J., December 15, 1927:

The appellant was convicted and sentenced in the court below of wilful neglect and refusal to contribute

reasonably to the support and maintenance of a child born out of lawful wedlock, of which he was averred to be the father, the offense created by the Act of July 11, 1917, P. L. 773. The material averments of the indictment were as follows: that the defendant "on the twenty-sixth day of December, 1925, * * * unlawfully did have carnal knowledge of the body of a certain Ethel Clark, who then was, and now is a single woman, and a male bastard child on the body of her then and there did beget, which child was born in Bedford County, on the twenty-sixth day of September, one thousand nine hundred and twenty-six * * * and the said Wilson Mc. Evans has wilfully neglected and refused and so continues wilfully to neglect and refuse to contribute reasonably to the support of the said child born out of lawful wedlock."

When called for trial the defendant entered the plea of autrefois acquit, which plea the Commonwealth traversed, and to try the issue thus raised a jury was sworn. The plea of autrefois acquit consists of two kinds of matter. (1) Matter of record, namely, the former indictment and acquittal and before what justices, and in what manner, namely, by verdict or otherwise; and (2) Matter of fact, namely, that the prisoner is the same person that was acquitted, and the fact is the same of which he was acquitted, and whereof he is now indicted. There was no dispute as to the matters of fact involved in the disposition of the question; it was conceded that the defendant was the same person and that the present prosecution and the former indictment offered in evidence were based upon a single act of unlawful carnal intercourse. The record offered in evidence was No. 1 of November Term, 1926 of the Court of Oyer and Terminer of Bedford County, which established that the defendant had been tried on the first count of an indictment, which charged that he, "then and there being of the age of sixteen years and upwards, in and upon one Ethel F. Clark, then and

there being a woman child, under the age of sixteen
years, to wit, of the age of fourteen years, feloniously
did make an assault, and her, the said Ethel F. Clark,
then and there feloniously, unlawfully and carnally did
know and abuse, and a male bastard child on the body
of her, the said Ethel F. Clark, did beget, which child
was born in the said County of Bedford, on the twenty-
sixth day of September, in the year one thousand, nine
hundred and twenty-six;" to which charge the defend-
ant had entered the plea of not guilty and the verdict
of the jury was "We find the defendant guilty of
rape;" and upon that verdict the court sentenced the
defendant. The learned judge of the court below held
that the evidence "being entirely documentary, we are
satisfied that this proceeding under the Act of 1917
has not been barred by the proceedings in evidence
here offered by the defendant in issue joined by the
parties; we therefore direct a verdict for the Common-
wealth." The defendant took an exception to this rul-
ing and here assigns it for error. The trial then pro-
ceeded on the defendant's plea of not guilty and re-
sulted in a verdict of guilty as indicted and the court
sentenced the defendant; whereupon the latter took
this appeal.

The single count of the first indictment upon which
the defendant was tried contained a divisible aver-
ment. It, in proper form, charged not only statutory
rape but bastardy; that the defendant was the father
of the illegitimate child in question. The bastardy
was but an aggravation of the principal offense
charged. It was proper to so charge the offense and
the indictment was valid: Com. v. Lewis, 140 Pa. 561.
The plea of not guilty put in issue every fact averred
in the indictment. The defendant might at the first
trial have been convicted of rape, or acquitted of the
felony and found guilty of fornication and bastardy,
or of fornication alone. When a count in an indict-
ment contains a divisible averment, it is enough for

the Commonwealth to prove so much of the indictment as shows that the defendant has committed a substantial offense therein specified; and it is the province of the jury to discriminate and find, under the evidence, and determine by their verdict the extent to which the divisible averment has been established: Hunter v. Com., 79 Pa. 503. There can be no doubt that under the issue first tried the question whether this defendant was the father of the child was directly involved and he might in that proceeding have been convicted of bastardy. The jury by their verdict found the defendant guilty of the statutory rape, but refused to find him guilty of the bastardy; this was equivalent to an acquittal of that offense: Girts v. Commonwealth, 22 Pa. 351; Com. v. Curry, 285 Pa. 289. The evidence necessary to support the second indictment would have been sufficient to secure a conviction upon the first, and the failure of the Commonwealth to secure a conviction upon the first indictment, and thus establishing the fact that the defendant was the father of the child, operated as a complete bar to any subsequent prosecution upon the same fact. There may be two counts in an indictment, but there cannot be two prosecutions: Com. v. Lloyd, 141 Pa. 28; Com. v. Evans, 45 Pa. Superior Ct. 174. The verdict of a jury, upon a valid indictment, in a court of competent jurisdiction, acquitting the defendant of the fact is an absolute bar to any subsequent prosecution for the same offense. When a fact has once been determined in the course of a judicial proceeding and a final judgment rendered in accordance therewith, it cannot, so long as it remains unreversed, be again litigated between the same parties. The estoppel is not confined to the judgment, but extends to all the facts involved in it as necessary steps, or the groundwork upon which it must have been founded: Altenburg v. Com., 126 Pa. 602; Com. v. Ellis, 160 Mass. 165; State v. Waterman, 87 Iowa 257; Carson v. The People, 36 Pac. Rep.

531 (Colo.).   This principle is essential to the maintenance of the right of trial by jury.   The fact that this defendant was the father of the child was directly in issue in the first trial and the failure of the Commonwealth to establish that fact at that trial must be held to operate as a bar to the assertion of that fact in a subsequent prosecution.   Upon the record presented and under the undisputed facts, the learned judge of the court below erred in instructing the jury to find in favor of the Commonwealth upon the issue raised by the defendant's plea of autrefois acquit, and judgment ought to have been entered in favor of the defendant in that issue.

The judgment is reversed and the defendant is discharged without day.