Commonwealth, Appellant, *v.* Sobel.

Argued October 1, 1928.

Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*Clarence E. Davis,* and with him *D. P. Weimer,* for appellant.—Acquittal on the first count of an indictment does not operate as a bar to prosecution on the second count notwithstanding the offenses charged arose from the same state of facts: Commonwealth v. Susanek, 88 Pa. Superior Ct. 428; Commonwealth v. Shoener, 216 Pa. 71; Commonwealth v. Greevy, 271 Pa. 95.

*Robert C. Hoerle,* for appellee, cited: Girts v. Commonwealth, 22 Pa. 351; Commonwealth v. Mc. Evans, 92 Pa. Superior Ct. 124; Heikes v. Commonwealth, 26 Pa. 513; Hollister v. Commonwealth, 60 Pa. 103.

OPINION BY CUNNINGHAM, J., November 21, 1928:

The general effect of the proceedings in the court below was a holding by the trial judge that as matter of law (the material facts being undisputed) a plea of former acquittal entered by the defendant was valid and entitled him to a discharge from further prosecution under the indictment. From this conclusion the Commonwealth, as was its right (Com. v. Supansic, 93 Pa. Superior Ct. 111), has appealed.

On September 7, 1926, the grand jury of Cambria County returned as a true bill an indictment charging D. I. Sobel in the first count with the crime, as designated in the endorsement, of "felonious arson" and in the second count with "firing with intent to defraud." The first count was drawn under section 137 of the Crimes Act of March 31, 1860, P. L. 415, the applicable provisions of which read: "If any person shall maliciously and voluntarily burn ....... any factory, mill or dwelling-house of another, or any kitchen, shop, barn, stable, or other out-house that is parcel of such dwelling, or belonging, or adjoining thereto, or any other building, by means whereof a dwelling-house shall be burnt ......... the person so offending shall be adjudged guilty of felonious arson." This count charged that the defendant maliciously and voluntarily burned "a certain store-room and dwelling, the property of one Rachel Mamolen, by means whereof a certain dwelling-house was then and there burned."

The second count was drawn under section 139, reading: "Every person, being the owner of any ship, boat or other vessel, or the owner, tenant or occupant of any house, ...... store ...... or any other building, who shall wilfully burn ...... the same with an intention thereby to defraud or prejudice any person or body politic or corporate, that hath underwritten or shall underwrite any policy of

insurance thereon, or on any moneys, goods, wares or merchandise therein, or that shall be otherwise interested therein shall be guilty of a misdemeanor.'' In it the charge was that the defendant ''being then and there the tenant and occupant of a certain dwelling and store-room, the property of one Rachel Mamolen,'' burned the same with intent to defraud a number of named insurance companies, insurers of the building and its contents.

The case was reached for trial on September 15, 1926, and the jury returned a verdict finding defendant ''guilty of firing with intent to defraud.'' The effect of this verdict was to acquit him on the first count and convict him on the second: Girts v. Commonwealth, 22 Pa. 351; Com. v. Mc. Evans, 92 Pa. Superior Ct. 124. Defendant moved for, and because of certain trial errors not material to the question now involved, was granted a new trial. When the case was again called for trial on March 14, 1928, before the President Judge of the 16th Judicial District specially presiding, defendant entered a plea of former acquittal upon the theory that his acquittal in 1926 upon the first count operated as an acquittal also of the charge contained in the second count of the indictment. The applicable criterion for the ascertainment of the validity of this plea is whether the evidence necessary to support the second count would have been sufficient to secure a conviction on the first: Com. v. Trimmer, 84 Pa. 69; Com. v. Forney, 88 Pa. Superior Ct. 451, and cases there cited. When this test is applied it will be found that the conclusion of the learned trial judge was erroneous.

By sections 137 and 139 of the Penal Code, distinct offenses are defined. As stated in the Report on the Penal Code (p. 32), the 137th, 138th and 140th sections, providing against various kinds of malicious burnings and attempts to burn, are amendments and

extensions of legislation then existing, but the 139th "is new and of manifest necessity." The significance of this observation is apparent when we reflect that under section 137 the owner of a factory, mill or dwelling-house could not be convicted of burning his own building no matter how plain his intent to defraud insurers or other persons interested therein. That section applies only to the factory, mill or dwelling of another.

When sections 137 and 139 are compared other marked distinctions appear: the offense described in the first is a felony and that in the second a misdemeanor; the first applies only to the buildings specified therein but the other to any building; under the first only such facts need be shown as would warrant an inference of legal malice, but under the second a specific intent to defraud or prejudice insurers of the building, or its contents, or others interested therein, must be fairly inferable.

As the testimony upon the first trial has not been printed we are not advised whether the rooms alleged to have constituted a dwelling-house were above, in the rear, or along the side of the store-room, but it is conceded that the store-room and dwelling referred to in the second count are identical with those mentioned in the first. The gravamen of the offense charged in the first count is that the defendant burned the dwelling-house of another; the reference therein to the store-room as the "other building by means whereof" the dwelling-house was burned is merely incidental. Nothing is stated with respect to defendant's relation to the dwelling except that he was not its owner.

The substantial charge in the second count is that defendant, being the occupant of a store-room forming part of a dwelling, burned it and its contents with a specific intent to defraud the sixteen insurance com-

panies therein named. To sustain a conviction under this count the Commonwealth would be required to show only that the building was a store-room; that the defendant occupied it; that he set fire to it with the intention of burning it; and to prove facts from which a jury could reasonably infer that his intent was to defraud the designated insurance companies. Nothing would need to be shown with respect to the effect of the fire upon the dwelling. Such proofs would not be sufficient to convict upon the first count. Under that count it would be necessary to show the malicious burning, or firing with intent to burn, of the dwelling and that it was the property of Rachel Mamolen. In brief, the defendant has been acquitted of the felony—burning a dwelling—but not acquitted of the misdemeanor—burning a store-room with intent to defraud. The principle is well established that the failure of the Commonwealth to convict of the higher crime does not preclude her from establishing a lesser crime, even though arising from the same state of facts: Hilands v. Commonwealth, 114 Pa. 372; Com. v. Greevy, 271 Pa. 95.

In each of these cases it was held that an acquittal under an indictment charging murder would not support defendant's plea of former acquittal to an indictment charging involuntary manslaughter upon the same facts. We think the reasoning of the opinions in those cases is applicable to the question here involved and demonstrates the invalidity of defendant's special plea to the second count in this indictment.

The order of the court below discharging the defendant is reversed and the record is remitted with a procedendo.