Commonwealth, Appellant, *v.* Danis.

Argued March 9, 1938. Be-
fore KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD,
PARKER and RHODES, JJ.

*Peter P. Jurchak,* and with him *John H. Dando,*
Assistant District Attorneys, and *Leo Schwartz,* Dis-
trict Attorney, for appellant.

*M. H. Salsburg,* with him *Harold R. Wruble* and
*Abram Salsburg,* for appellee.

OPINION BY PARKER, J., April 13, 1938:

The defendant was charged with arson in an indictment containing five counts. He entered a plea of not guilty and was tried in a court of oyer and terminer when a jury returned a verdict of guilty on the third count. The legal effect of the verdict was to acquit defendant on the first, second, fourth, and fifth counts: *Girts v. Com.*, 22 Pa. 351; *Com. v. Curry*, 285 Pa. 289, 132 A. 370; *Com. v. McEvans*, 92 Pa. Superior Ct. 124, 128. Thereafter the trial court granted a new trial for errors in the charge and defendant was called for retrial. He again entered a plea of not guilty but was permitted to withdraw that plea and enter a plea of former acquittal. The trial judge then sustained the plea of former acquittal, withdrew a juror and directed the district attorney to enter a nol. pros. as to the third count.

The Commonwealth has appealed to this court assigning as error the action of the trial judge in sustaining defendant's plea of former acquittal. We held in *Com. v. Sobel*, 94 Pa. Superior Ct. 525, that in such a case the Commonwealth has the right of appeal. There is no question as to the identity of the defendant.

We are all of the opinion that the court below erred in sustaining the plea of former acquittal. It was charged in the third count that defendant did, on December 1, 1935, "wilfully, maliciously, and feloniously cause to be burned a [certain] dwelling house," etc., while the fifth count charged that he did, on the same day, "wilfully, maliciously, and feloniously procure the burning" of the same dwelling house.

The gist of the argument of appellee is that the charges in the third and fifth counts are identical since, as applied to the present situation, the words "cause" and "procure" convey the same meaning and that as defendant was acquitted on the fifth count such acquit-

tal is a bar to his retrial on the third count. We will assume, for the sake of argument, that the former verdict of guilty on the third count and verdict of not guilty on the fifth count were inconsistent, but it by no means follows that any verdict that was rendered is a bar to a new trial.

In *Com. v. Kline,* 107 Pa. Superior Ct. 594, 604, 164 A. 124, after a review of the federal cases and the decisions of our Supreme Court and this court, we said: "We do hold that where a defendant is charged in separate counts of an indictment with different offenses arising out of the same transaction or in different language is charged with the same offense, the mere fact that the defendant is found guilty upon one count and not guilty upon another will not sustain a motion in arrest of judgment as to the count on which a verdict of guilty is found. We are also of the opinion that the principle of *res judicata* does not have any application: *Dunn v. United States,* supra [284 U. S. 390]." Also, see *Mills v. Com.,* 13 Pa. 634; *Com. v. Sharpless,* 31 Pa. Superior Ct. 96; *Com. v. Donato,* 87 Pa. Superior Ct. 285; *Com. v. Leib,* 76 Pa. Superior Ct. 413; *Com. v. Mollier,* 122 Pa. Superior Ct. 373, 186 A. 757; *Dunn v. U. S.,* 284 U. S. 390, 52 S. Ct. 189.

The principle announced in the Kline case applies with equal force to the present situation. After the first trial a motion in arrest of judgment could not have been sustained even if the verdicts were inconsistent. The defendant asked for and was granted a new trial, by which action his position was not injured. Certainly if the defense of inconsistency now raised would not avail the defendant in arrest of judgment and judgment could have been entered on the verdict, it is not now a good defense on retrial. Since the verdict would support a sentence for the crime, it will not support a plea of former acquittal.

The order of the court below directing the district

attorney to enter a nol. pros. as to the third count and discharging the defendant is reversed and the record is remitted with a procedendo.