## Commonwealth ex rel. Davidson v. Rundle

*Donald C. Davidson,* p.p., relator.

HIMES, P. J., May 14, 1962.—On February 6, 1961, petitioner, Donald C. Davidson, along with Scotty Elwood Robinette and Robert Eugene Harn, was indicted in the Court of Quarter Sessions of Huntingdon County, Pennsylvania, to no. 5 February sessions, 1961, on a charge of assault by prisoner under the provisions of the Act of June 24, 1939, P.L. 872, as amended, 18 PS §4710.1 (supplement), and to no. 3 February sessions, 1961, on a charge of prison breach and escape. The same defendants were indicted in the Court of

Oyer and Terminer of Huntingdon County, Pennsylvania, to no. 4 February sessions, 1961, on a charge of robbery with accomplice under the provisions of the Act of June 24, 1939, P.L. 872, 18 PS §4705.

Harn entered pleas of guilty to the charges of assault by prisoner, robbery with accomplice and escape. Davidson and Robinette entered pleas of not guilty, and the cases were consolidated for trial. On May 3, 1961, the jury returned verdicts finding Robinette and Davidson not guilty of assault by prisoner, guilty of robbery with accomplice and guilty of escape.

On May 4, 1961, motions in arrest of judgments and for new trials were filed in behalf of petitioner by his attorney. Later, these motions were withdrawn by counsel with express approval of petitioner.

On September 25, 1961, sentence was imposed on petitioner on the charge of robbery with accomplice, committing him for a period of not less than four nor more than 15 years to such State institution as might be selected by the Western Correctional Diagnostic and Classification Center. On the charge of escape, sentence was suspended.

The essence of petitioner's argument advanced in support of his petition for a writ of habeas corpus is that the verdict of acquittal on the charge of assault by prisoner is inconsistent with the verdict of guilty on the charge of robbery with accomplice, and that, therefore, the sentence on the latter charge must be set aside.

The complete answer to petitioner's contention is that inconsistency of verdicts in criminal cases is not a cause for setting aside a guilty verdict: Commonwealth v. Parrotto, 189 Pa. Superior Ct. 415 (1959); Commonwealth v. Watt, 187 Pa. Superior Ct. 51 (1958); Commonwealth v. Wade, 156 Pa. Superior Ct. 88 (1944); Commonwealth v. Kirk, 141 Pa. Superior Ct. 123 (1940); Commonwealth v. Danis, 130 Pa.

Superior Ct. 597 (1938) ; Commonwealth v. Mollier, 122 Pa. Superior Ct. 373 (1936) ; and Commonwealth v. Kline, 107 Pa. Superior Ct. 594 (1933).

An examination of the entire record discloses that the verdicts were not inconsistent, but no useful purpose would be served by a discussion on this point.

The evidence clearly established petitioner's guilt of the charge of robbery with accomplice. While the writ of habeas corpus is a writ of right, it does not issue out of course, but only on cause shown: Commonwealth ex rel. DePoe v. Ashe, 167 Pa. Superior Ct. 23. Petitioner has failed to show any cause or make out a prima facie case for the issuance of the writ.