## Shor v. Redden

*David Durben,* for plaintiff.

*Donald W. Vanartsdalen,* for defendant.

BECKERT, J., April 3, 1964.—This matter comes before the court upon plaintiff's petition and rule to show cause why defendant should not be compelled to answer

depositions pursuant to rule 4019 (b) of Pennsylvania Rules of Civil Procedure. Defendant's answer to the above rule, although not labelled as such, is in effect and will be treated as a motion for a protective order under Pa. R. C. P. 4012.

The facts as determined from the pleading filed in this case are as follows:

Plaintiff, by the filing of a complaint in trespass against defendant, sought to recover compensatory and punitive damages which allegedly arose by the act of defendant "during the period from 1959 to October of 1962, living . . . in an adulterous relationship with plaintiff's husband" [paragraph 5 of plaintiff's complaint]; and that such has given plaintiff a cause of action in criminal conversation [paragraph 6 of plaintiff's complaint]. Plaintiff's husband died in October, 1962, [paragraph 4 of plaintiff's complaint].

Plaintiff scheduled the taking of defendant's oral deposition and while defendant presented herself at the time fixed for deposition and answered a question "Were you ever married Miss Redden" by the word "No", defendant on advice of counsel refused to answer the following category of questions:

"(a) all questions relating to her marital status at any time and especially during the years of 1957-1962;

"(b) all questions relating to the birth of any children, their names, ages, the address of defendant at the time the children were born, and the hospital in which the children were born;

"(c) all questions relating to who fathered each of the children, and when, who paid for the lying in expenses, who is listed on the birth certificate of these children as the father;

"(d) all questions relating to her knowledge with Dr. Joseph Shor and association;

"(e) all questions relating to income, sources of income, employment, wealth, property, taxes, support,

social security during the years 1957-1962, and monies received by way of beneficiary under the deceased insurance policies."

It is the contention of counsel for defendant that any answer to the questions in the category of (a) through and including (d) might tend to incriminate defendant and that, in addition, the answers to category (e) tending to incriminate, would be immaterial to the issue. Plaintiff's counsel argues that defendant should be compelled to answer those questions dealing with the residence, marital status, birth of children and sexual relations with the deceased spouse of plaintiff during the period of January 1960, to January 1962, for if defendant is criminally guilty of any crime it would be that of fornication and as the statute of limitations begins to run from the time the fornication is committed any criminal prosecution would now be barred by the statute of limitations.

While we agree with plaintiff's counsel as to the time that the statute of limitations begins to run (Commonwealth v. Ruffner, 28 Pa. 259) and that a prosecution for fornication to be brought within the statute of limitations must be instituted within two years of the date of the act (Act of April 6, 1939, P. L. 17, sec. 1, 19 PS §211) we disagree with the proposition that the mere fact defendant could plead and therefore be acquitted or discharged of any criminal charge by virtue of the statute of limitations would allow us to compel defendant to answer, when from her answers there is a probability that her testimony may tend to incriminate her or expose her to prosecution.

Article I, sec. 9 of the Pennsylvania Constitution, subject to two exceptions, neither of which are applicable here, provides: "In all criminal prosecutions the accused . . . cannot be compelled to give evidence against himself." This provision applies to witnesses as well as to accused persons: In re Adjudication Con-

tempt of Myers and Brei, 83 Pa. Superior Ct. 383. As pointed out in Snyder Appeal, 398 Pa. 237, 249, the above provision of the Constitution does not say that "in all criminal prosecutions which shall terminate with conviction" nor does it say except in criminal prosecutions in which the statute of limitations can be successfully pleaded. As early as 1887, our courts in McFadden v. Reynolds, 20 W. N. C. 312, 313, stated:

"We are not prepared to hold that where a witness is asked upon the stand to say whether he has committed a crime, he shall be compelled to do so simply because he may, if a prosecution for that crime is subsequently instituted against him, plead the Statute of Limitations in defence. It seems to us he is protected against criminating himself in such a manner as to subject himself even to a prosecution . . ."

The privilege against self-incrimination is not limited to criminal cases alone but may be invoked in civil actions (Evans v. Metropolitan Life Ins. Co., 294 Pa. 406, 412; Schwinger Appeal 181 Pa. Superior Ct. 532; Rosenbaum Co. v. Tomlinson, 7 D. & C. 2d 500; Levenger v. Levenger, 28 Lehigh 406; Putnik Travel & Tourist Agency v. Goldberg, 17 D. & C. 2d 590) and has been held to apply equally to witnesses as to parties: Commonwealth v. Tracey, 137 Pa. Superior Ct. 221, 224.

In Newman v. Newman, 23 Northumb. 120, 127-28 (case reversed on other grounds, 170 Pa. Superior Ct. 238), the court had this to say:

"The plaintiff herein contends the witness . . . and the defendant . . . were not entitled to claim immunity against self-incrimination; that the immunity granted by the law is a protection from criminal prosecution, which means a criminal prosecution not barred by the statute of limitations. This places a much too narrow construction on the question of incrimination and loses sight of the fact that even though a conviction

might be barred by the statute of limitations, the attendant disgrace and inconvenience of a possible prosecution is ever present."

To this we might well add that even though defendant might successfully plead the statute of limitations and by doing so be discharged, to the acquaintances of defendant and to the ever-interested public her defense and discharge by virtue of such a plea would certainly be construed by a certain segment of her acquaintances and of the public as a mere technical defense to a crime of which she was in fact guilty.

Therefore, as to the category of questions contained in (a) through (d), defendant's motion for a protective order is granted.

Turning to the questions sought to be propounded and answered in category (e), we are met with a somewhat different situation. As plaintiff's claim for damages is based on criminal conversation it would be proper for the jury to award punitive damages: Matheis v. Mazet, 164 Pa. 580; Karchner v. Mumie, 398 Pa. 13. Therefore, it cannot be said that questions on deposition aimed at determining the financial worth of defendant would be immaterial. They are in fact relevant. The apparent problem is whether the questions so asked and truthful answers given thereto may as effectually tend to or incriminate defendant with the same degree as if she were asked and was required to answer "Did you engage in sexual relation with plaintiff's husband?"

Discovery of defendant's financial condition has in other cases been permitted if punitive damages are properly sought (Judson v. Tracey, Jr., 25 D. & C. 2d 97, and cases cited therein), and we are, therefore, prone to allow plaintiff to pursue this subject not by oral depositions but by written interrogatories. The court is convinced because of the thin line that exists between questions which would tend to incriminate defendant

and questions that would go to the question of her financial worth, that the parties would, in the event oral depositions were allowed, enter numerous objections necessitating rulings by this court, or if no objections were made, would result in a violation of the privilege against self-incrimination. Therefore, in accordance with our understanding of Pa. R. C. P. 4012(a)(5), the court may enter a protective order limiting the inquiry to written interrogatories: Bialek v. March, 26 D. & C. 2d 641.

### Order

And now, April 3, 1964, defendant's motion for a protective order is allowed, and it is ordered and directed that plaintiff, Anne Shor, may take depositions of defendant, Joyce Redden, as to her financial worth by written interrogatories only.