Com. of Pa., Appellant, v. Kline.

Argued October 31, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*W. Denning Stewart,* and with him *Andrew T. Park,* District Attorney, *Geo. F. P. Langfit,* Assistant District Attorney and *Earl E. Reed,* Special Assistant District Attorney, for appellant.—Where an indictment contains several counts, each count is in contemplation of law, a separate and distinct indictment and the finding of the jury as to each one of such counts must be considered as an independent verdict: Gozner v. United States, 9 Fed. Rep. (2nd) 603; Steckler v. United States, 7 Fed. Rep. (2nd) 59; Carrignan v. United States, 290 Fed. Rep. 189.

*Charles B. Prichard,* and with him *James M. Galbraith, Zeno F. Henninger,* and *Edward G. Coll,* for appellee.—A judgment may be arrested where a verdict of guilty on one count is inconsistent with a verdict of not guilty on another count. Commonwealth v. Sharpless, 31 Pa. Superior Ct. 96; Commonwealth v. Quinn, 42 Pa. Superior Ct. 490.

OPINION BY PARKER, J., January 25, 1933:

An indictment, containing forty-five counts and charging misdemeanors in office, was found by a grand jury in Allegheny County against the appellee, Charles H. Kline, Mayor of the City of Pittsburgh, and Bertram L. Succop, Director of Supplies of that city. The Supreme Court having granted defendants a change of venue from Allegheny County to Butler County and the case having proceeded to trial in the latter county, the Commonwealth abandoned a num-

ber of counts and of the remainder the defendant Succop was found guilty upon twenty-nine counts and Kline was found guilty upon the fifth count alone. There was a specific finding by the jury of not guilty on the fourth count as to both defendants. Motions for a new trial and in arrest of judgment were filed, and the lower court thereupon refused the motions for a new trial but sustained the motions in arrest of judgment as to both defendants as to the fifth count, on the theory that the findings on the fourth and fifth counts were inconsistent and repugnant. Thereupon the Commonwealth appealed from the order granting Kline's motion in arrest of judgment. The counts involved in this appeal are set forth in full in the margin.*

*Fourth Count: And the Inquest Aforesaid, upon their oaths and solemn affirmations aforesaid, Do Further Present: That the said Charles H. Kline and Bertram L. Succop, on the seventeenth day of July in the year of our Lord one thousand nine hundred and twenty-nine, at the County aforesaid and within the jurisdiction of this Court, being then and there the Mayor and the Director of the Department of Supplies of the City of Pittsburgh, a municipal corporation under the laws of the Commonwealth of Pennsylvania, that is to say: he the said Charles H. Kline being then and there the lawfully elected Mayor of the said City, of Pittsburgh and then and there duly qualified and lawfully acting as such Mayor of the said City of Pittsburgh, and he, the said Bertram L. Succop, then and there being the lawfully appointed Director of the Department of Supplies of the said City of Pittsburgh, and then and there being duly qualified and lawfully acting as such Director of the Department of Supplies of the said City of Pittsburgh, unlawfully did then and there wilfully, misbehave themselves in their said offices, and unlawfully and wilfully did then and there purchase from one Henry Braun for and on behalf of the said City of Pittsburgh, one five ton 1922 Mack truck; one three and one-half ton 1922 Mack truck and one five ton Mack truck 1925 model, the said purchase involving a sum over five hundred dollars, to-wit: the sum of six thousand seven hundred dollars, the said Henry Braun not then and there being the lowest responsible bidder and no contract for said purchase in writing having been signed and executed in the name of the City of Pittsburgh and no notice inviting proposals for said trucks having been given by advertisement, to the prejudice and great damage of the said City of Pittsburgh, contrary to the form of the Act of the General Assembly in such case made and pro-

598

The learned judge who presided in the lower court, in his opinion filed in support of the order, says: "It is plain that the verdicts in the two counts are contradictory. In the fourth the jury found the defendant innocent of entering into a wilfully illegal contract. In the fifth they found that he had entered into such a contract, indeed into the same contract, and add that having done so he paid for the goods. The two findings cannot be reconciled. It is no answer that the fifth count contains additional charges, to wit, that (1) defendant issued an order, (2) that he paid for the goods before delivery. It would have been an answer if these additional charges had been averred without reference to the illegality of the contract; but they are averred in such a way as to be interwoven with illegality of the contract. He is not charged simply with having paid for the goods, but with having paid for goods illegally bought. The language is 'Having made' an illegal contract, they

vided and against the peace and dignity of the Commonwealth of Pennsylvania.

Fifth Count: And the Inquest Aforesaid, upon their oaths and solemn affirmations aforesaid, Do Further Present: That the said Charles H. Kline and Bertram L. Succop, late of the County aforesaid, on the twentieth day of July in the year of our Lord one thousand nine hundred and twenty-nine and on divers other dates between said date and the finding of this Inquisition, at the County aforesaid and within the jurisdiction of this Court, being then and there the Mayor and the Director of the Department of Supplies of the City of Pittsburgh, a municipal corporation under the laws of the Commonwealth of Pennsylvania, that is to say: he, the said Charles H. Kline being then and there the lawfully elected Mayor of the said City of Pittsburgh and then and there duly qualified and lawfully acting as such Mayor of the said City of Pittsburgh, and he the said Bertram L. Succop being then and there the lawfully appointed Director of the Department of Supplies of the said City of Pittsburgh and lawfully acting as such Director of the Department of Supplies of the said City of Pittsburgh, and having theretofore, to-wit: on the seventeenth day of July in the year of our Lord one thousand nine hundred and twenty-nine having unlawfully purchased and entered into a contract not in writing for the purchase from one Henry Braun of three certain trucks described in

'issued an order.' 'Having made' an illegal contract, they 'paid' for the goods. Plainly a necessary part of the additional charges is the wilful illegality of the contract.'' Counsel for the defendant stresses the contention that the charges in the fourth and fifth counts are the same, basing such contention on the claim that purchase includes payment.

Conceding, only for the sake of argument, that there is an inconsistency or repugnancy between the verdicts on the fourth and fifth counts in that the charges are identically the same or that some fact was necessarily found adversely to the Commonwealth by the verdict on the earlier count which was an essential element in the fifth count, such is not sufficient ground for arresting judgment on the verdict of guilty. In the case of Mills v. The Commonwealth, 13 Pa. 634, 635, the Supreme Court said: ''We don't know what instructions the court gave to the jury as

---

the Fourth Count of this indictment and in the manner and form set forth in the Fourth Count of this indictment, which count is hereby specifically referred to, unlawfully did then and there wilfully misbehave themselves in their said offices; that is to say: without any authority in law lend advance and pay and cause to be loaned and advanced and paid to the said Henry Braun, the sum of five thousand dollars of the moneys of the said City of Pittsburgh, and in the so lending, advancing and paying and to cause said money to be lent, advanced and paid, the said Bertram L. Succop did then and there issue a certain order known as a Supply Department Order for the purchase of the said three trucks and the said Charles H. Kline did then and there approve and countersign a certain warrant drawn on the City of Pittsburgh, ordering and directing the payment of the said sum of five thousand dollars to the said Henry Braun, the said Henry Braun not then and there having delivered said trucks to the City of Pittsburgh and not having given any other valuable consideration to the said City of Pittsburgh for said money and the said City of Pittsburgh not then and there being indebted to the said Henry Braun in the sum of five thousand dollars, or in any other amount, to the prejudice and great damage of the said City of Pittsburgh, contrary to the form of the Act of the General Assembly in such case made and provided and against the peace and dignity of the Commonwealth of Pennsylvania.

to the 4th and 5th counts, and if we did know we could take no notice of them. But I presume the jury under the direction of the court thought there was sufficient facts and law, to authorize a conviction on the first, second and third counts, and to acquit on the fourth and fifth. It is a *non-sequitur* that it was inconsistent and constitutes error, to acquit on the fourth and fifth counts and convict on the others, which the counsel allege contain the same charge. We have not the counts on the paper book, and cannot therefore say the charge was identically the same. *But if it were, it would not be error.* [Italics are ours.] If the counts, on which there was a conviction of the defendant, were repugnant and could not stand together, and there was a general verdict, it would be error, but that is not alleged to be the case here." It will be noted in the instant case, first, that the contention is that the findings on the respective counts were repugnant and not that there was any inconsistency or repugnancy in the charges, and, second, that there was not a general verdict but an answer by the jury to each count.

In the cases of Com. v. Sharpless, 31 Pa. Superior Ct. 96, and Com. v. Donato, 87 Pa. Superior Ct. 285, the principle announced in the Mills case is recognized. In the Sharpless case, Judge Rice said (p. 101): "It cannot be declared as an abstract proposition that a verdict of guilty, which implies that the accused, being an officer of a quasi municipal corporation, as such received or possessed himself of the money of the corporation, otherwise than in payment to him of a just debt or demand, and, with intent to defraud, omitted to make a full and true entry thereof in the books and accounts of the corporation, would be necessarily inconsistent with a verdict acquitting him of the charge of unlawfully and fraudulently converting the money to his own use. In other words, a motion in

arrest of judgment could not be sustained." In the Donato case, this court said (p. 288): "While it is vain indeed to speculate upon the reasons which moved the jury in this case, that tribunal may have thought that defendants ought to be convicted and sentenced but once because the attempt to extort the $500 and the conspiracy to extort was one transaction. The manifest inconsistency of the verdicts rendered upon the two bills did not require the learned trial judge to set aside the conviction on the second count of the conspiracy bill. That the evidence in the case was sufficient to warrant a conviction of an attempt to extort the money, as well as of a conspiracy to do so, is a complete answer to this contention." It is argued that because this court in those cases did not depend alone upon the general principle, it is a tacit admission that inconsistency or repugnancy between the verdicts on different counts in an indictment is sufficient ground to sustain a motion in arrest of judgment. We do not so interpret those cases, but regard the comments on the question as to whether there was an inconsistency as an additional reason for the conclusions at which the court arrived.

Another Pennsylvania case in point is that of Commonwealth v. Leib, 76 Pa. Superior Ct. 413, where in a prosecution for forgery and for uttering a forged instrument, a verdict of guilty of forgery was sustained even though the only proof of the forgery within the county where the indictment was brought was found in the evidence of the uttering therein of the forged instrument, as to which latter charge the defendant was found not guilty.

Much weight is given to the reasons for our conclusions by two cases recently decided by the Supreme Court of the United States. In the case of Dunn v. United States, 284 U. S. 390, the appellant was indicted in three counts, first, for maintaining a common

nuisance by keeping for sale at a specified place intoxicating liquor, second, for unlawful possession of intoxicating liquor, and third, for the unlawful sale of such liquor. The jury acquitted on the second and third counts and found the defendant guilty on the first. Mr. Justice Holmes, after reciting the contentions of the government and the defendant, said (p. 393): "Consistency in the verdict is not necessary. Each count in an indictment is regarded as if it was a separate indictment: Latham v. The Queen, 5 Best & Smith 635, 642, 643; Selvester v. United States, 170 U. S. 262. If separate indictments had been presented against the defendant for possession and for maintenance of a nuisance, and had been separately tried, the same evidence being offered in support of each, an acquittal on one could not be pleaded as *res judicata* of the other. Where the offenses are separately charged in the counts of a single indictment the same rule must hold. As was said in Steckler v. United States, 7 F. (2d) 59, 60: 'The most that can be said in such cases is that the verdict shows that either in the acquittal or the conviction the jury did not speak their real conclusions, but that does not show that they were not convinced of the defendant's guilt. We interpret the acquittal as no more than their assumption of a power which they had no right to exercise, but to which they were disposed through lenity.' "

In the case of Borum et al. v. United States, 284 U. S. 596, the Court of Appeals of the District of Columbia certified a question to the Supreme Court of the United States for decision. The reporter makes the following statement: "The certificate set forth an indictment in four counts charging the three defendants with murder in the first degree. The first count named one of the defendants, the second another, and the third the last as having held the pistol with which the crime was committed. The fourth

count alleged that the weapon was held by one of the defendants but that his name was to the grand jurors unknown. The certificate also set out a part of the instructions of the trial judge, and showed that all three defendants were found not guilty under the first three counts but guilty under the fourth, and were sentenced to death." The question propounded was: "Can the judgment of the Supreme Court of the District of Columbia, based upon the conviction of the defendants on the fourth count of the indictment, be sustained in view of the acquittal of each and all of the defendants of the charge of murder in the first degree as contained in the first three counts of the indictment?" The Supreme Court answered "Yes," and referred to the case of Dunn v. United States, supra. The full import of the Dunn and Borum cases is the more apparent on reading the dissenting opinion of Mr. Justice BUTLER in the Dunn case.

Prior to these decisions by the United States Supreme Court, the various circuit courts of appeal had held differently on this matter. In view of those decisions, it is needless to discuss the various cases decided by the federal courts. We also refer to decisions in other states supporting our view: People v. Edwards, 72 Cal. App., 102, 117; State v. Hund., 115 Kan. 475 (222 Pac. 766); State v. Brown, 114 Kan. 699 (220 Pac. 174); State v. Brundige, 114 Kan. 849 (220 Pac. 1039); Weinecke v. State, 34 Neb. 14 (51 N. W. 307); Griffin v. State, 18 Ohio St. 438; Com. v. Walsh, 255 Mass. 317, 320; Com. v. Lowrey, 158 Mass. 18; Com. v. Edds, 14 Gray 406; Com. v. Dow, 217 Mass. 473.

There is some difficulty in formulating a general statement which will be true with reference to all cases of inconsistency, repugnancy, or incongruity by reason of the fact that these expressions as commonly used have a broad meaning and sometimes may be

taken to comprehend cases which involve the violation of other principles of law. For example, where two persons are charged in a count or counts with conspiracy between themselves and not involving third parties, a jury or different juries could not find one guilty and the other not guilty and the verdict of guilty be enforced. It perhaps would not be improper to refer to this as an inconsistency, but the fact is that such a verdict could not be sustained because of a violation of the substantive law with relation to conspiracy. We take another example from the case of Mills v. The Commonwealth, supra, where the court stated: "If the counts, on which there was conviction of the defendant, were repugnant and could not stand together, and there was a general verdict, it would be error, but that is not alleged to be the case here." That case held that an acquittal on one count does not require the setting aside of a verdict of guilty on another count, even though the two counts related to the same charge; but that a *general* verdict of guilty on two inconsistent counts could not stand, because it would be impossible for the court to determine from the verdict on which of the two counts the jury intended to convict. We do hold that where a defendant is charged in separate counts of an indictment with different offenses arising out of the same transaction or in different language is charged with the same offense, the mere fact that the defendant is found guilty upon one count and not guilty upon another will not sustain a motion in arrest of judgment as to the count on which a verdict of guilty is found. We are also of the opinion that the principle of *res judicata* does not have any application: Dunn v. United States, supra.

The two counts under consideration each charge the common law offense of misdemeanor in office. Wharton, in his work on Criminal Law, (10th ed.)

Volume 2, Section 1568, said: "It is clear that when the law imposes on an individual a ministerial office, then not only is disobedience to the requirements of that law in respect to such office indictable, but an indictment lies for such willful or negligent misconduct in such office as works injury to the public, or to an individual. For mere error of judgment, however, no indictment lies, unless for an act made specially indictable by statute irrespective of intent." See Com. v. Rosser, 102 Pa. Superior Ct. 78. The gravamen of the fourth count was the wilful making of an illegal contract of purchase of certain trucks with one Braun, —illegal in that it involved more than five hundred dollars,—was not let after advertisement and competitive bidding, and to the lowest bidder, and was not in writing. The gravamen of the fifth count, as far as concerns the defendant Kline, was the willful lending, advancing, and paying out of the funds of the City of Pittsburgh to the amount of five thousand dollars and signing and approving of the warrant in connection with this same illegal contract of purchase. It is true that the same illegal act, to-wit, the failure to comply with statutory requirements as to advertisement, etc., was involved in and an essential part of both counts.

Separate offenses were charged in each of these counts, in the one case the willful making of an illegal contract of purchase, and in the other the willful paying out of funds of the city. The failure to comply with the statutory requirements as to advertisement, etc., was a violation of statutory law: Acts of May 23, 1874, P. L. 230, Sec. 6; 53 Purdon, Par. 282; March 7, 1901, P. L. 20, Art. 15, Sec. 1, as amended by Act of May 11, 1911, P. L. 238; 53 Purdon, Par. 9531, 9532, and 9533. The requirements in the statutes referred to and with which we are concerned are mandatory, which makes the violation of them an illegal act: Com. v. Rosser, supra; Kratz v. Allen-

town, 304 Pa. 51; Com. ex rel. v. Jones, 283 Pa. 582; Smith v. Philadelphia, 227 Pa. 423. The purpose of these mandatory provisions is to prevent fraud and favoritism: Harris v. Philadelphia, 283 Pa. 496; Hinkle v. Philadelphia, 214 Pa. 126.

Insofar as these failures to comply with the statutory law were concerned, it would have been proper for the trial court to have said to the jury that if they found that the contract had been made without complying with these provisions of the law, such act was illegal as a matter of law, and it was then for them to determine, as to the fourth count, whether the making of the contract was done willfully, and as to the fifth count whether the money was paid willfully. It was just as much a violation of the positive duty of the mayor to pay out the funds of the city upon an illegal contract as it was to contract for the same. "It shall be the duty of the mayor to cause the ordinances of the city and the laws of the state to be executed and enforced": Act March 7, 1901, P. L. 20, Art. I, Sec. 1, as amended by Act of May 1, 1923, P. L. 122, Sec. 1; 53 Purdon, Par. 8387. In fact, the point at which the city was seriously harmed and prejudiced was when the payment was made. In preparing the indictment, the district attorney very properly treated the entire transaction as one that was void and illegal and then charged the defendant with particular phases of misconduct connected therewith. The jury might not have been satisfied that the conduct of the defendant was willful until with his assistance the funds of the city were actually disbursed and the municipality thereby injured. There was much to lead them to the conclusion at which they arrived, for apparently the sum of five thousand dollars was advanced or paid without receipt of the trucks.

Viewing the matter from another standpoint, it is apparent that there was not any inconsistency in the

verdicts on the fourth and fifth counts. The verdicts on these counts are not to be held to be inconsistent unless the jury in reaching its verdict of acquittal on the fourth count necessarily found not proved some essential element in the fifth count. When the jury replied "Not guilty" to the fourth count, they did not find that all the necessary elements in that count were not proved, but only that the necessary elements were not all proved. It is, therefore, impossible to say that the verdicts are inconsistent.

The lower court also suggests that if the fifth count had not referred to the fourth count, the verdict might have been sustained. He assumes that because of this reference it was necessary for the jury, in order to find a verdict of guilty on the fifth count, to find a like verdict as to the fourth count. Now, as a matter of fact, the defendant might have been found guilty on the fifth count even though the original attempt to make a contract of purchase and the failure to advertise, etc., was not done willfully, provided they found that the money was willfully paid on an illegal contract. Even if we assume that a willful misconduct in failure to advertise, etc., and willfully entering into an illegal contract are a part of the allegations in the fifth count, instead of mere inducement, they may be treated as surplusage: Staeger v. Com., 103 Pa. 469; Com. v. Wood, 2 Pa. Superior Ct. 42; Hutchison v. Com., 82 Pa. 472; Com. v. Kay, 14 Pa. Superior Ct. 376; Sadler's Criminal Procedure, p. 263.

It is proper practice to refer to matters set up in another count: Com. v. Ault, 10 Pa. Superior Ct. 658. In fact, it is well settled that even though a count refers to another count for an essential element and that other count is withdrawn or abandoned, or there is an acquittal on the count referred to instead of a withdrawal, and the defendant is convicted on the second, and the same is sufficient in all other particulars, a judgment may be legally entered on the second count:

608

Res Publica v. Tryer, 3 Yeates' Rep. 451, 457; Com. v. Kaas, 3 Brewster 422, 426; Com. v. Gouger, 21 Pa. Superior Ct. 217, 234.

Notwithstanding the arguments of the able counsel for the defendant, we are impelled to the conclusion not only that there is no inconsistency or repugnancy in the verdict, but that even if there were, it would not sustain a motion in arrest of judgment.

The order, arresting judgment as to the defendant Kline, is reversed and the record remitted with a procedendo.