## Commonwealth *v.* Shrodes, Appellant.

Argued September 26, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Christian R. Gingrich,* with him *Becker & Ehrgood* and *Clarence D. Becker,* for appellant.

*L. E. Meyer,* District Attorney, submitted a brief for appellee.

OPINION BY BALDRIGE, P. J., October 24, 1945:

Leslie (Lester) Shrodes, appellant herein, was indicted, charged that he (1) with force and arms did unlawfully make an assault upon Mrs. Helen Lemon with intent to forcibly and against her will ravish and carnally know her, and (2) with force and arms did maliciously, etc., make an indecent assault by placing his hands up under her clothing and upon her private parts.

The court very carefully in its charge pointed out the different ingredients of the crimes contained in these two counts, and told the jury that if they found there was assault and battery committed with intent to rape, then the defendant would be guilty under the first count. If they found that the defendant indecently took hold of this female and improper advances were made without her consent, not with intent to commit rape upon her but trying to persuade her to have intercourse, then he would be guilty of the second count. Those instructions were in conformity with the law: *Commonwealth of Pennsylvania v. De Grange*, 97 Pa. Superior Ct. 181, 185; *Commonwealth v. Gregory*, 132 Pa. Superior Ct. 507, 513, 1 A. 2d 501.

He was found guilty on both counts and sentenced to undergo imprisonment in the Eastern Penitentiary for not less than one year nor more than two years. This appeal followed.

The appellant's first complaint is to the overruling of his motion to quash the second count in the indictment on the ground that it is inconsistent with the first count. In section 256 of Sadler's Criminal Procedure, Second Edition, it is stated that where one count charges a criminal offense the other counts may charge lesser offenses included in the greater, "so, it is proper to join with rape, . . . attempt, indecent assault, and assault and battery." There was, therefore, no improper joinder. Even if we assume a misjoinder or an inconsistency existed in the verdict, it was cured by imposing but one

sentence: *Commonwealth v. Antico,* 146 Pa. Superior Ct. 293, 305, 22 A. 2d 204. The appellant suffered no harm in the court's not withdrawing from the jury's consideration the second count. Furthermore, consistency in a verdict in a criminal case is not necessary. Each count in an indictment is regarded as if it were a separate indictment: *Commonwealth v. Kline,* 107 Pa. Superior Ct. 594, 164 A. 124.

There is an additional reason for not sustaining appellant's contentions. The motion to quash was not made until a plea of not guilty had been entered, the jury sworn, and some testimony taken. It was, therefore, too late under the Act of 1860, March 31, P. L. 427, §11, 19 PS §431, which provides that every motion to quash an indictment for any formal defect apparent on the face shall be made ". . . before the jury shall be sworn, and not afterward; . . ." See, also, *Phillips v. The Commonwealth,* 44 Pa. 197; *Commonwealth v. Streets,* 113 Pa. Superior Ct. 65, 172 A. 31.

The appellant further complains of certain remarks made by the district attorney during the course of his argument, taken down in shorthand. The objections to the district attorney's statements were not made until his argument was completed. It is much better practice to protest as soon as possible to the objectionable language uttered: *Commonwealth v. Wilcox,* 316 Pa. 129, 138, 173 A. 653. But overlooking the appellant's failure to make a prompt protest, we concur with the learned court below that "the remarks of the District Attorney were not inflammatory nor unduly prejudicial to the Defendant, and, further, the remarks did not prejudice the jury in arriving at its verdict, nor form in their minds a fixed bias and hostility toward the Defendant whereby the jurors could not fairly weigh in his behalf such circumstances of doubt, extenuation, or degree of guilt as were present in the case."

A review of the entire record shows that the issues of fact involved were submitted in a clear, unbiased

138

charge by the trial judge, and fails to reveal any reversible trial error.

Judgment is affirmed and it is ordered that the appellant appear in the court below at such time as he may be there called and that he be committed by that court until he shall have complied with his sentence or any part of it which had not been served at the time his appeal was made a supersedeas.