## Commonwealth v. Migliore

*Vincent G. Panati,* assistant district attorney, for Commonwealth.

*Charles W. Sweeney,* for private prosecutor.

*John J. O'Brien,* for defendant.

ALESSANDRONI, J., October 26, 1953.—Defendant was indicted and tried by a judge and a jury for the following offenses: Assault and battery, assault and battery in resisting arrest, and unlawfully resisting officer in making an arrest. The jury returned a verdict of guilty of assault and battery in resisting arrest, and verdicts of not guilty of assault and battery, and unlawfully resisting officer in making an arrest. Defendant moved in arrest of judgment on the basis of an inconsistent verdict that is contrary to substantive law. He also filed a petition for a rule to show cause why a new trial should not be granted.

All three counts of the indictment arose out of the same transaction. The law is well settled that a mere inconsistent verdict is not sufficient to sustain a motion in arrest of judgment. In Dunn v. United States, 284 U. S. 390, Mr. Justice Holmes stated, at page 393: "Consistency in the verdict is not necessary. Each count in an indictment is regarded as if it was a separate indictment." The statement by the court in Steckler v. United States, 7 F. 2d 59, 60, is most apposite:

"The most that can be said in such cases is that the verdict shows that either in the acquittal or the conviction the jury did not speak their real conclusions, but that does not show that they were not convinced of the defendant's guilt. We interpret the acquittal as no more than their assumption of a power which they had no right to exercise, but to which they were disposed through lenity".

The review of cases in Commonwealth of Pa. v. Kline, 107 Pa. Superior Ct. 594, states the rule to be that an apparently inconsistent verdict cannot be upset unless it violates substantive law, not because it is inconsistent, but because of the violation. The adjective "inconsistent" is actually a misnomer, since under the theory and rule that each count is a separate indict-

ment, there can be no truly inconsistent verdict. Inconsistent in this sense describes cases of the following type: In a case where two persons are charged in a count or counts with conspiracy and there are no third persons involved, the jury could not convict one and acquit the other. Such a verdict clearly violates substantive law, because the acquittal of one conspirator leaves the other guilty of conspiring with himself, an absurdity.

In Mills v. The Commonwealth, 13 Pa. 633, the court said, at pages 634, 635, that "If the counts, on which there was a conviction of the defendant, were repugnant and could not stand together and there was a general verdict, it would be error, but that is not alleged to be the case here."

That is the type of case in which a jury must return a verdict of guilty on one count or the other, or acquit on all counts, but a verdict of guilty on all counts cannot stand.

In Commonwealth v. Leib, 76 Pa. Superior Ct. 413, in a prosecution for forgery and for uttering a forged instrument, a verdict of guilty of forgery was sustained even though the only proof of forgery was found in the evidence of uttering a forged instrument. A clear example of a verdict that on its surface appears inconsistent, but actually it is not.

In Dunn v. United States, supra, the indictment contained three counts: Maintaining a common nuisance by keeping for sale intoxicating liquor, unlawful possession of intoxicating liquor, and unlawful sale of such liquor. Defendant was found guilty of the first count, the conviction was affirmed, and Mr. Justice Holmes made the statement set forth above.

The reasons for the decisions reached are simplicity itself. If each count of an indictment is a separate offense, then the acquittal on one count does not require the jury to acquit on what appears to be a similar

offense or one closely analogous to the one upon which the acquittal was returned. In Commonwealth v. Kline, supra, the allegedly inconsistent verdict was sustained even though the count upon which the jury acquitted contained an essential fact which by the verdict was found *adversely* to the Commonwealth, but the guilty verdict on another count found the identical fact *for* the Commonwealth. The doctrine of res judicata is inapplicable to various counts of an indictment.

Defendant's motion in arrest of judgment is without merit; he has not established that the verdict violated substantive law.

Defendant also petitioned for a rule to show cause why a new trial should not be granted. The grounds of the petition are: (1) The verdict was contrary to the evidence; (2) the verdict was contrary to the weight of the evidence, and (3) the verdict was inconsistent. The attack of inconsistency has already been disposed of and merits no further consideration.

We do not think the verdict was against the evidence or the weight of the evidence. The testimony established that defendant was arrested by Officer Di Cesare outside a veterans' post at 13th Street and Snyder Avenue, Philadelphia. While enroute to the police station defendant assaulted Officer Di Cesare. Defendant's explanation was that the policeman continued goading him and then made an unwarranted attack upon him. There was sufficient evidence, if believed, to warrant a conviction on all three counts of the indictment. The jury's disposition of the matter was highly favorable to defendant, and the next best verdict to an acquittal on all counts.

Defendant's petition for a rule to show cause why a new trial should not be granted is without merit.

### Order

And now, to wit, October 26, 1953, defendant's motion in arrest of judgment is denied; defendant's peti-

tion for a rule to show cause why a new trial should not be granted is denied.