Commonwealth *v*. Cook, Appellant.

Argued June 12, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

Before SHADLE, J.

*Victor Dell'Alba,* with him *Bergdoll, Dell'Alba & Noll,* for appellant.

*Jesse L. Crabbs,* Assistant District Attorney, with him *Frank B. Boyle,* District Attorney, for Commonwealth, appellee.

OPINION BY ERVIN, J., September 12, 1961:

The defendant, Edward W. Cook, appealed after sentence was imposed upon an indictment which charged that he "did unlawfully, wilfully, maliciously, fraudulently and falsely, deface and alter certain information on a certain motor vehicle title which was being transferred to one Paul S. Shaffer. . . ." On the back of the indictment were the words "Defacing the Records." After a jury had been sworn, the defendant moved to quash the indictment for the reason that it was apparent that the Commonwealth could not offer any proof that the document in question was in the possession of any public office. The motion was denied. This was a correct ruling because the body of the indictment controls and not what is written on the back thereof.

The body of the indictment was sufficient to sustain the charge under the Act of May 1, 1929, P. L. 905, §211, as amended by the Act of June 29, 1937, P. L. 2329, §1, 75 PS §41 (which act was substantially re-enacted by The Vehicle Code of 1959, 75 PS §211), and was also sufficient to sustain the charge of the crime of forgery as set forth in the Act of June 24, 1939, P. L. 872, §1014, 18 PS §5014. Furthermore, the motion came too late: Act of March 31, 1860, P. L. 427, §11, 19 PS §431; *Com v. Shrodes,* 158 Pa. Superior Ct. 135, 44 A. 2d 319.

The defendant next argues that the court below erred in amending the indictment to conform with the violation under The Vehicle Code. The answer to this argument is that so far as the record reveals the court did not amend the indictment. It was not necessary for the court to amend the body of the indictment for the trial of either of the two crimes mentioned above.

The defendant then argues that the court below committed error in refusing to sustain the demurrer which was made at the end of the Commonwealth's case, or erred in overruling defendant's motion for new trial or erred in overruling defendant's motion in arrest of judgment. The reasons advanced to sustain these three questions are the same and will be considered together.

We are of the opinion that the evidence as presented was not sufficient to sustain a conviction under The Vehicle Code. The Act of 1929, as amended (referred to above), which was applicable to this situation, provided: "Any person who shall be convicted of any of the following offenses shall be guilty of a felony . . . (a) Altering or forging any certificate of title to a motor vehicle. . . . or any assignment thereof. . . ." The evidence in this case does not show any alteration of the certificate of title or of the assignment thereof. The defendant frankly admitted changing the application

for the certificate of title made by the purchaser. This, in our judgment, did not constitute a violation of the above provision of The Vehicle Code. We think that the learned trial judge recognized this fact and so worded his charge as to bring the case within the provisions of the forgery section (§1014) of The Penal Code above referred to. Section 1014 provides: "Whoever fraudulently . . . alters . . . or is concerned in the fraudulently . . . altering . . . any written instrument, to the prejudice of another's right, with intent to defraud any person or body corporate . . . is guilty of a felony . . . ."

In his charge the trial judge referred to the purchaser's application for the certificate of title and pointed out that the defendant had changed the word "No" to "Yes" in answer to the question, "Is this motor vehicle subject to any encumbrance other than as set forth above?" The defendant also struck out the word "None" and inserted "1550.00" in the next blank space following the language "If so, give: Amount." The defendant also wrote in the blank space after the words "Favor of", "Spring Grove Nat'l Bank Spring Grove York, Pa." The judge then stated in his charge to the jury: "Now the defendant frankly admits that he did make these changes on the application. These physical acts do constitute a violation of the Motor Vehicle Code, which I read to you. But you will recall that the indictment charges that those acts were done falsely and fraudulently, and this is an essential part of the offense. Before the defendant may be convicted, you must be satisfied beyond a reasonable doubt not only that the defendant did the alteration or forgery, and he frankly admits that he did make the changes, but you also must be satisfied that the defendant did these things falsely and fraudulently. Now this is to say that the defendant must have done these acts knowing that he had no right to do so, that he was violating the

instructions or consent of the purchaser, and he must have done them with the purpose or intent of defrauding or depriving the purchaser of certain rights he otherwise would have had. Therefore, if the defendant did the acts charged, but if when he did them he believed he had the right to do so under the law or that his agreement with the purchaser gave him this right, if the assignment originally was filled out in error, and if the defendant only was correcting such an error, then he would not be guilty of the offense charged.

"On the other hand, if the defendant knew that the purchaser wanted no encumbrance, and if the defendant intentionally and in violation of the agreement, changed the purchaser's answers in order to obtain an encumbrance and in order to obtain money thereon, and if this was done to the prejudice of the purchaser, then the defendant did have the necessary guilty purpose and intent which would constitute a violation of the Motor Vehicle Code.

"Now it is for you as a jury to determine whether the defendant did these acts and whether he had a false and fraudulent intent in doing so. Facts which you may consider in making this determination would be in the manner and form in which the note was filled out and executed, the form of the checks and the use made of them, the purchase order blank or sales slip and the notations which were thereon, and the letter which was sent by Attorney Shaffer to the defendant."

While the judge said that these acts, if the defendant had the necessary guilty purpose and intent, would constitute a violation of The Vehicle Code, we think that what he meant to say was that it would constitute a violation of the forgery section above referred to. The emphasis which the judge placed on the intent of defrauding or depriving the purchaser of certain rights and which he also placed on the subject of whether this was done to the prejudice of the purchaser and with a

guilty purpose and intent, lead us to believe that the case was tried under the forgery section of The Penal Code rather than as a violation of The Vehicle Code. This was undoubtedly done in order to avoid the embarrassment which confronted the Commonwealth because of its inability to show that the certificate of title or the assignment thereof had been altered. The language of the forgery section of The Penal Code is broad enough to cover the altering of the purchaser's application for the certificate of title because that application was a written instrument. We feel, however, that the evidence does not show either an intent to defraud or an actual defrauding of the purchaser of the car, Paul S. Shaffer. According to Shaffer the agreement was that he was to pay $1,650.00 for the Volkswagen, $100.00 cash and the balance in 12 months at $100.00 monthly instalments. He was not to pay any interest until after $600.00 had been paid. Shaffer paid down $100.00 cash and gave five $100.00 checks, all dated February 18, 1959, to the Cook Motor Company, Inc. He also signed a note for $1,550.00, dated January 26, 1959, which was not to be recorded for one year and which was to be payable in $100.00 monthly instalments. The defendant discounted this note at the Spring Grove National Bank. On June 20, 1960 the bank entered such a note in the prothonotary's office and the back of the note indicated that payments had been made thereon as follows:

"1550.00

| Date of Payment | On Interest Amount | Paid To | On Principal | Balance Due on Principal |
|---|---|---|---|---|
| 3 19 59 | 7 10 | 3-16 | 100 00 | 1450 00 |
| 4 23 59 | 6 75 | 4-16 | 100 00 | 1350 00 |
| 5 21 59 | 6 25 | 5-16 | 100 00 | 1250 00 |
| 6 18 59 | 5 75 | 6-16 | 100 00 | 1150 00 |
| 7 16 59 | 5 25 | 7-16 | 100 00 | 1050 00 |

| | | | | |
|---|---|---|---|---|
| 8 20 59 | 4 75 | 8-16 | 100 00 | 950 00 |
| 9 17 59 | 4 25 | 9-16 | 100 00 | 850 00 |
| 10 22 59 | 4 25 | 10-16 | | 850 00 |
| 11 19 59 | | | 25.00 | 825 00" |

Shaffer testified that he never made any payments to the bank nor had he been called upon by the bank to make any payments. The defendant testified that he made all the payments to the bank which had been made.

The evidence shows that the defendant deposited the five $100.00 checks in his account at Spring Grove National Bank on February 25, 1959. The Commonwealth argues: "This constitutes prejudice to Shaffer in that $500.00 of his money was utilized by the defendant, and Shaffer, even if the discounted note were made by him, was having interest accrue against him on the face amount of the note rather than as diminished by the application of the proceeds from the five (5) checks." This simply is not so because the evidence clearly reveals that the defendant paid seven $100.00 payments and one $25.00 payment to the bank and paid the interest on the full amount of the obligation each time that he made payments on account. It is clear that Shaffer never paid one cent of interest to the bank or to the defendant which accrued up to October 16, 1959.

It might be argued that Shaffer suffered some loss or was prejudiced otherwise because of the fact that the defendant deposited the five $100.00 checks in his account on February 25, 1959 instead of using them each month as the instalments came due. This argument, however, is answered by Shaffer's own testimony that he gave the checks to Cook so that the title could be cleared from an obligation of $1,440.00, which was held in favor of Lyons Acceptance Corp. In other words, the evidence shows that the very purpose for the giving of the checks was so that the defendant could use them to clear off the prior encumbrance.

On March 7, 1959 Shaffer delivered to the Cook Motor Company, Inc. a written statement recording an understanding that Cook owed him $225.00 as a fee in a case; that the net balance due on the Volkswagen and note was $1,050.00; that the parties had agreed to set the one off against the other, leaving a net balance due on the note of $825.00. Both parties agreed that this was the correct balance at that time. The evidence shows that is the exact balance due on the note to the bank and the defendant says that the plaintiff owes it to the bank rather than to him. Shaffer would be obliged to pay interest on that balance from October 16, 1959. This, however, would not constitute loss to Shaffer because he clearly admitted that he would be responsible for interest on the balance after the six-month period had passed.

We are, therefore, of the opinion that the Commonwealth's evidence did not show that Shaffer had been defrauded of anything nor did it show any intent upon the part of the defendant to defraud him of anything. The forgery charge was not proved.

Judgment of sentence reversed and it is directed that the defendant be discharged.

FLOOD, J., concurs in the result.