554 A.2d 514
**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Richard A. KEMMERER, Appellee.**

Superior Court of Pennsylvania.

Submitted Aug. 8, 1988.

Filed Jan. 3, 1989.

534

Joseph Giebus, Assistant District Attorney, Wilkes–Barre, for Com., appellant.

Lewis J. Bott, Assistant Public Defender, Hazleton, for appellee.

Before WIEAND, DEL SOLE and HESTER, JJ.

DEL SOLE, Judge:

The Commonwealth takes this appeal from a trial court order which dismissed charges of second and third degree murder as well as voluntary manslaughter against Appellee, Kemmerer. Bound by prior case law, we affirm the trial court's ruling.

After the beaten body of Robert S. Evans was discovered, Kemmerer was arrested and charged with criminal homicide, robbery and two counts of theft by unlawful taking or

disposition. A jury trial was held and verdicts were returned which found Kemmerer guilty of robbery and two counts of theft by unlawful taking or disposition. The jury returned a not guilty verdict on charges of first degree murder and involuntary manslaughter; however, after deliberating for about 15 hours the jury was unable to reach a verdict on second degree murder, third degree murder and voluntary manslaughter. Pursuant to Kemmerer's petition, the trial court ruled that the charges on which the jury was unable to return a verdict had to be dismissed as mandated by Pa.R.Crim.P. 1120(d). That Rule provides:

> If there are two or more counts in the information or indictment, the jury may report a verdict or verdicts with respect to those counts upon which it has agreed, and the judge shall receive and record all such verdicts. If the jury cannot agree with respect to all the counts in the information or indictment if those counts to which it has agreed operate as an acquittal of lesser or greater included offenses to which they cannot agree, these latter counts shall be dismissed. When the counts in the information or indictment upon which the jury cannot agree are not included offenses of the counts in the information or indictment upon which it has agreed, the defendant or defendants may be retried on those counts in the information or indictment.

The Supreme Court has interpreted Rule 1120(d) under nearly identical circumstances. In *Commonwealth v. Roberts*, 484 Pa. 500, 399 A.2d 404 (1979), the Appellee was found guilty by a jury of burglary and conspiracy. Verdicts of not guilty were returned on charges of murder in the first degree, murder in the third degree, voluntary manslaughter, and involuntary manslaughter. A mistrial was granted on the charge of murder in the second degree after it was reported that the jury was hopelessly deadlocked on that charge. The Commonwealth sought to retry the Appellee for second degree murder, but the Appellee's petition to dismiss the charge was granted and the indictment quashed. As in this case, the Commonwealth appeal-

ed. The Supreme Court highlighted the following language of Rule 1120(d): "If the jury cannot agree with respect to all the counts in the information or indictment if those counts to which it has agreed operate as an acquittal of lesser or greater included offenses to which they cannot agree, these latter counts shall be dismissed." It then held:

Therefore, Rule 1120(d), requires dismissal of the count charging murder in the second degree if murder in the second degree is a lesser and/or greater included offense of either murder in the first degree, murder in the third degree, voluntary manslaughter, or involuntary manslaughter. That it is is now beyond question.... The trial court thus correctly ordered the charge of murder in the second degree dismissed.

*Id.*, 484 Pa. at 503, 399 A.2d at 405 (1979) (citations omitted.)

In the instant case the Commonwealth chooses to reject the holding of *Roberts* and instead sets forth it's "position that the applicable law is that enunciated by Justice Nix, now Chief Justice Nix in the dissenting opinion of *Commonwealth v. Roberts.*" Appellant's Brief at 5. Referring to this strong dissent which was joined by Justice Larsen, the Commonwealth urges this Court to change the law of this Commonwealth. The Superior Court, however, is powerless to alter the decisional law of our Supreme Court. *Commonwealth v. Butch,* 257 Pa.Super. 242, 390 A.2d 803 (1978). We are bound by the decision in *Roberts.* Nevertheless, we do note that more recent cases have attempted to restrict the reading and application of Rule 1120(d).

Two years after its decision in *Roberts* the Supreme Court in an Opinion authored by Chief Justice Nix refused to apply Rule 1120(d) to a similar factual setting. In *Commonwealth v. Zimmerman,* 498 Pa. 112, 445 A.2d 92 (1981) the jury returned verdicts of not guilty as to murder of the first degree and simple assault but was unable to reach a verdict as to other charges. The Court of Common Pleas denied a motion to bar retrial on charges of murder in

the third degree, voluntary and involuntary manslaughter. The defendant appealed that interlocutory order. The Supreme Court found that it had a limited scope of review relating only to constitutional questions of double jeopardy since the appeal was pursuant to *Commonwealth v. Haefner*, 473 Pa. 154, 373 A.2d 1094 (1977) and *Commonwealth v. Bolden*, 472 Pa. 602, 373 A.2d 90 (1977). It ruled that its consideration in that case would be "confined to those concerns which fall within the purview of the constitutionally guaranteed double jeopardy protections and [would] not affect any additional protection that arguably these rules [Rules 1120(d) and (e)] may have conferred." *Commonwealth v. Zimmerman, supra* 498 Pa. at 117, 445 A.2d at 94.

Justice Larsen, who as stated joined Chief Justice Nix's dissent in *Roberts*, has authored a recent Opinion on this issue in *Commonwealth v. McCane*, 517 Pa. 489, 539 A.2d 340 (1988). As in this case, the Commonwealth was the appellant in *McCane* and it sought to have reversed a trial court order which found that a retrial was barred by Rule 1120(d). In *McCane* the jury found the appellee guilty of driving under the influence but was unable to reach a verdict on a charge of homicide by vehicle while driving under the influence. The Supreme Court cited to a Superior Court decision and held: "We agree with the rationale of *Vincent [Commonwealth v. Vincent*, 345 Pa.Super. 173, 497 A.2d 1360 (1985)] and hold that the provisions of Rule 1120(d) do not bar the retrial of appellee on the charge of homicide by vehicle while driving under the influence following a mistrial declared on that charge because of a deadlocked jury." The Court looked to the purpose of Rule 1120(d) and went on to state: "A mistrial because a jury is unable to reach a verdict is the classic case where double jeopardy considerations do not prevent a retrial." *Commonwealth v. McCane, supra* 517 Pa. at 497, 539 A.2d at 344. Notably, the decision in *Commonwealth v. Roberts,* was not cited by the *McCane* Court. Adding to the confu-

sion in this area was the Supreme Court's reliance on this court's decision in *Commonwealth v. Vincent, supra.*

In *Vincent,* as in *Commonwealth v. Zimmerman, supra,* where the Court applied a limited scope of review and refused to consider the impact of Rule 1120(d) to the facts of the case, the appeal was taken by the defendant from an interlocutory order denying the defendant's motion to dismiss charges. Although the court recognized the interlocutory nature of the appeal, (*See: Commonwealth v. Vincent, supra* at 497 A.2d 1360 n. 1) it did not apply the limited review utilized by the Supreme Court in *Zimmerman.* First it considered a double jeopardy claim and found that the case did not involve successive prosecutions for the same offense since at issue was a retrial following a mistrial caused by a deadlocked jury. This reasoning was applied to an argument presented under 18 Pa.C.S.A. § 109 and 110 and the court found that these statutes only barred successive prosecutions and did not apply to "the distinct problem of retrial following a deadlocked jury." *Id.* 345 Pa.Super. at 176, 497 A.2d at 1362.

Despite the Supreme Court's application of *Vincent* to its recent decision in *McCane, Vincent* only makes reference to Rule 1120 in a closing paragraph. And, despite the Supreme Court's earlier pronouncement in *Zimmerman* that a limited review should be held in this type of interlocutory appeal, the *Vincent* court considered the protection afforded by Rule 1120 and found its provisions were not attempts to "change the substantive law as to when verdicts give rise to double jeopardy claims." *Id.* Accordingly, it held that since no substantive basis for the double jeopardy claim was found, a claim under Rule 1120 could not be a basis for relief.

The above cases illustrate the difficulty in understanding the application of Rule 1120(d). However, as found by the trial court, the Supreme Court's decision in *Commonwealth v. Roberts, supra,* is directly applicable to the facts of this

case. Since we are unable to conclude that the Supreme Court has overruled its decision in *Roberts,* we find that the trial court was correct in applying its holding to the facts here and properly ruled that the charges for second and third degree murder and voluntary manslaughter must be dismissed.

ORDER AFFIRMED.

WIEAND, J., files a dissenting opinion.

WIEAND, Judge, dissenting:

I respectfully dissent. In my judgment, the holding of *Commonwealth v. Roberts,* 484 Pa. 500, 399 A.2d 404 (1979), has been overruled sub silentio by the Supreme Court of Pennsylvania in *Commonwealth v. McCane,* 517 Pa. 489, 539 A.2d 340 (1988). Consistently with *McCane,* I would reverse and remand for trial on charges of second degree murder, third degree murder, and voluntary manslaughter.

Richard Kemmerer was tried before a jury which found him not guilty of murder of the first degree and involuntary manslaughter but guilty of robbery and two counts of theft. The jury was unable to agree upon whether he was guilty or not guilty of murder of the second degree, murder of the third degree, and voluntary manslaughter, and with respect to these charges a mistrial was declared by the trial court. Kemmerer then filed a petition to dismiss on grounds that a second trial was barred by Pa.R.Crim.P. 1120(d). The trial court agreed and dismissed the remaining charges. The Commonwealth appealed.

Pa.R.Crim.P. 1120(d) provides as follows:

(d) If there are two or more counts in the information or indictment, the jury may report a verdict or verdicts with respect to those counts upon which it has agreed, and the judge shall receive and record all such verdicts. *If the jury cannot agree with respect to all the counts*

*in the information or indictment if those counts to which it has agreed operate as an acquittal of lesser or greater included offenses to which they cannot agree, these latter counts shall be dismissed.* When the counts in the information or indictment upon which the jury cannot agree are not included offenses of the counts in the information or indictment upon which it has agreed, the defendant or defendants may be retried on those counts in the information or indictment. (emphasis added).

In *Commonwealth v. Roberts, supra,* a jury had found the defendant not guilty of first and third degree murder, voluntary manslaughter and involuntary manslaughter, but guilty of burglary and conspiracy. With respect to a charge of murder of the second degree, the jury was unable to agree upon a verdict. The trial court dismissed the second degree murder charge on the authority of Rule 1120(d), and the Supreme Court affirmed. Justice Nix (now Chief Justice), joined by Justice Larsen, wrote in strong dissent as follows:

Today's result is totally without reasonable justification, and represents an unwarranted further extension of a doctrine (lesser included offenses) whose validity and utility in the area of homicide is seriously questionable in the first instance. If the jury had concluded that appellant was guilty of this degree of homicide yet not guilty of the "lesser" offenses of murder of the third degree and manslaughter, any possible inconsistency in the verdicts would have been ignored under our long-standing principle that inconsistent verdicts are permitted in this Commonwealth. *Commonwealth v. Strand,* 464 Pa. 544, 347 A.2d 675 (1975); *Commonwealth v. Reed,* 458 Pa. 8, 11 n. 2, 326 A.2d 356, 358 n. 2 (1974); *Commonwealth v. Carter,* 444 Pa. 405, 282 A.2d 375 (1971); *Commonwealth v. Parrotto,* 189 Pa.Super. 415, 150 A.2d 396 (1959); *Commonwealth v. Kline,* 107 Pa.Super. 594, 164 A. 124 (1933).

However, because the first jury could not agree as to this one count, although they were able to reach a conclusion on the others, and in spite of the fact that there was manifest necessity for discharging the jury when the court did, and where the motion for mistrial was agreed to by the defense, a majority of this Court now concludes that retrial is barred on the basis of a procedural rule [Pa.R.Crim.P. 1120(d) ] which was never intended to accomplish such a result. . . .

The majority specifically relies upon the [second sentence of Rule 1120(d) ] to hold that the finding of not guilty of the remaining four counts of criminal homicide bars retrial of the count charging murder of the second degree. They reached this conclusion ignoring the Comment to Rule 1120 which states:

.... (d) .... serve[s] only to codify the procedure where conviction or acquittal of one offense operates as a bar to a later trial on a necessarily included offense. (emphasis added).

. . . .

It is clear from the Comment's reference to necessarily lesser included offenses that the purpose of the language relied upon in Rule 1120(d) was designed to avoid the successive prosecution prohibition of double jeopardy. See *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). Where the offense in question is a necessary constituent of the greater or where the lesser offenses are necessary elements of the offense in question, so that that offense cannot be found to exist without a finding of the lesser offenses also, and the greater offense cannot properly be found to have been committed without a finding that the offense in question has been established, then it is appropriate to bar reprosecution upon an acquittal of either the lesser or the greater offense. This is all the prohibition against successive prosecution requires, in this context and this is all that the language of Rule 1120(d) intended to provide. Yet today, the majority ignores the crucial requirement of the

Rule, i.e., that it must be a necessary constituent offense, thereby completely distorting the Rule and reaching a result which is inexplicable.

*Commonwealth v. Roberts, supra,* 484 Pa. at 506–508, 399 A.2d at 406–408 (Nix, J., dissenting) (footnotes omitted). Not only do I believe that Justice Nix's opinion provided the better analysis of Rule 1120(d), but I also believe that the Supreme Court, in *Commonwealth v. McCane, supra,* has implicitly abandoned the approach followed by a majority of the Court in *Roberts.*

In *Commonwealth v. McCane, supra,* the defendant had been found guilty of driving while under the influence of a controlled substance, but the jury had been unable to agree upon a verdict on a charge of homicide by vehicle while driving under the influence of alcohol. After a mistrial had been declared on the latter charge, the trial court dismissed the same, holding that reprosecution on that charge was barred by Pa.R.Crim.P. 1120(d). On appeal, however, the Supreme Court reversed. With respect to Rule 1120(d), Justice Larsen, writing for the Court, said:

> [T]he provisions of Rule 1120(d) do not bar the retrial of appellee on the charge of homicide by vehicle while driving under the influence following a mistrial declared on that charge because of a deadlocked jury. The comment to Rule 1120 points out that:
>
>> Sections (c), (d) and (e) serve only to codify the procedure where conviction or acquittal of one offense operates as a bar to a later trial on a necessarily included offense.
>
> The purpose of Rule 1120(d) and specifically the language relied upon by the lower court and the appellee is to prevent "successive prosecutions" in violation of the prohibition against double jeopardy. A mistrial because a jury is unable to reach a verdict is the classic case where double jeopardy considerations do not prevent a retrial. *United States v. Perez,* [22 U.S.] 9 Wheat 579, 6 L.Ed. 165 (1824).

*Commonwealth v. McCane, supra,* 517 Pa. at 497, 539 A.2d at 344. See also: *Commonwealth v. Vincent,* 345 Pa.Super. 173, 497 A.2d 1360 (1985).

The reasoning of the Court in *McCane* is similar to the reasoning relied upon by the author of the dissenting opinion in *Roberts.* I can only conclude, therefore, that the reasoning of a majority of the Court in *Roberts* has now been replaced by the reasoning of the Court in *McCane.* Under this reasoning, Rule 1120(d) will be applied to prevent a second trial only where the offense on which the jury was unable to reach a verdict is necessarily included in the offense for which the defendant was acquitted or the offense for which the defendant was acquitted is an essential element of a greater offense on which the jury was unable to agree.

The defendant in this case was found not guilty of first degree murder, which is a willful, deliberate, premeditated killing. The jury also determined that defendant's crime was not involuntary manslaughter. Neither of these findings necessarily excludes or is inconsistent with a potential finding that defendant is criminally liable for a killing committed during the course of robbery, or for a killing committed without a specific intent to kill. Similarly, the acquittals of first degree murder and involuntary manslaughter do not necessarily exclude a finding that defendant killed in the heat of passion or in the unreasonable belief that it was necessary to defend himself. In my judgment, therefore, the acquittals of defendant on charges of first degree murder and involuntary manslaughter do not act as a bar to a retrial of the remaining charges on which the jury was unable to agree. Pa.R.Crim.P. 1120(d) was intended only to give effect to the double jeopardy bar against successive prosecutions; and double jeopardy clearly is not implicated in a retrial of the charges of second and third degree murder and voluntary manslaughter in this case.

I would reverse and remand for trial on the charges of second and third degree murder and voluntary manslaughter.